Taylor v. Hall.

CREED TAYLOR v. ROBERT HALL AND WIFE.

A, living in Bexar county, being joined as a defendant in a suit in Gonzales county, for taking plaintiff's cattle, after an answer of general demurrer and general denial, filed a plea, not under oath, to the jurisdiction of the Court, claiming his privilege to be sued in Bexar, and alleging that the other defendants were joined merely to give the Court jurisdiction ; there was no exception to this plea, nor motion to strike it out, and when the case was called for trial, A requested the Court to first try his plea to the jurisdiction, which the Court refused ; after the plaintiff had closed, there being no evidence against the

other defendants, A moved the Court to dismiss the case under his plea to the jurisdiction, which the Court refused; and on error this Court argued in support of the rulings, even if the plea had been sworn to and filed in due order of pleading, from which it would seem to follow that the mode of proceeding for the defendant in such a case, is to ask proper instructions to the jury upon the issue of jurisdiction; but the Court said it was to be observed moreover, that the plea was not sworn to and was filed after a plea to the merits.

The title of the wife to her separate personal property is not divested by a wager of the same on a horserace by herself and husband, and by a delivery of said property by them in payment of such wager.

It is not error to exclude evidence which could only go in mitigation of exemplary damages, where the case does not admit of exemplary damages at all.

In this case damages for the expense and cost of the suit being found by the jury as a separate item, and there being no evidence to justify it, the defendant in error was permitted to enter a remittitur, and the judgment was reversed and reformed.

Error from Gonzales.    Tried below before the Hon. Fielding Jones.

Suit commenced February 4th, 1856, by Mary Hall, joined by her husband Robert Hall, against John Lloyd, Henry Trammell, and Harrison Askey of Gonzales county, and Creed Taylor of Bexar county, and John Baker and Alfred Bailes of Guadalupe county, for forcibly taking and driving away, on or about the 10th of December, 1854, in the county of Gonzales, ninety-five head of stock cattle and milch cows, the separate property of the said Mary Hall, of the value of nine dollars per head; prayer for the value of the cattle as alleged, and for damages for the expense and cost of prosecuting this suit, which they alleged were $200.    Baker died before service of citation.    April 25th, 1856, the other defendants answered by general demurrer and general denial.    May 1st, 1856, defendant Taylor amended his answer, by plea to the jurisdiction, alleging that his co-defendants were not concerned at all in the alleged taking of the cattle, and were improperly and vexatiously joined for the purpose of giving the Court jurisdiction; and claiming his privilege to be sued in Bexar county; plea that the cattle were taken by this defendant with the consent of both the plaintiffs; and further plea to the effect that both plaintiffs had made a promissory note, payable in blank, for one hundred head of stock cattle, for the purpose of betting the same on a certain horserace with defendant Askey; that the bet was made and the race run, and won by Askey, who sold the cattle to this de-

fendant, and that upon demand of the cattle by this defendant, plaintiffs both directed this defendant to gather said stock himself and take them, which he did to the number of eighty-six head, which were all he could find. The plea was full and explicit. The plea to the jurisdiction was not sworn to. There was no exception to either of the pleas. The evidence was as follows:—

Plaintiff introduced W. D. Smith, who testified that some time in the Fall of 1854, defendant Creed Taylor, came to his, witness's house, and stayed all night; that Taylor told him that he was gathering some cattle that he had bought from Robert Hall; that witness sold Taylor a lot of beeves; that witness and Taylor started out the next day in the range; witness to gather his beeves, and Taylor to collect the cattle; that Taylor had an assistant or hireling along. Don't know his name. Taylor did not go to Hall's house that witness knew of; assistant was armed with pistols. Did not see arms about Taylor. Taylor remained in the neighborhood several days. Did not seem to be secret in his purpose. It was generally known in the neighborhood what Taylor was doing. Witness lives about three miles from Hall. Trammell was along one day, but was hunting a yoke of oxen. Trammell nor Askey, nor Lloyd, nor did any one seem to be assisting Taylor, save his assistant driver; that Taylor fenced the cattle in Jack Watson's pen, and requested the witness to count them; witness did count them; were 92 or 95 head. Most of the cattle were branded P. K.; that he had always understood this to be Mary Hall's brand; that Robert Hall did not own any cattle in that brand that witness knew of, or any other; that the cattle were worth six or seven dollars per head; that Taylor drove the cattle off towards the west.

Plaintiff then introduced Helmes, who stated that in the Fall of 1854, Creed Taylor sent for witness to come to H. Askey's house to count some cattle; that witness went, and Taylor requested witness and John Lloyd to count the cattle; that they did so, and counted some 86 head; that Lloyd assisted Taylor to drive them off some two or three hundred yards from the pen, and that Lloyd was a citizen of Gonzales county. Did not see any arms save a rifle which Taylor had; that it is usual for stock-drivers to go armed with pistols, &c.; that no one seemed to be assisting Taylor save his herder. Did not see Taylor counselling or advising with Askey or Trammell or any one; that Taylor and his herder drove the cattle off in the direction

of Bexar county line; that the cattle were branded P. K.; that he had always understood them to be the cattle of Mrs. Hall; that they were worth six or seven dollars a head.

Plaintiff then introduced the record of Mary Hall's brand; also the record or schedule of her separate property from the records of Gonzales County Clerk's Office.

(It was a record of a brand P. K. for Polly King, by her father in 1831. Also a schedule of Mrs. Hall's separate property, recorded in September, 1848, on which was an item of one hundred and eighty head of cattle marked P. K.) Here plaintiffs rested.

Defendant called witness Watson, who said that the P. K. stock were all Mary Hall's; that he had bought some of the stock from Robert Hall; that Taylor remained in the neighborhood three or four days; stayed at witness's house whilst gathering the cattle; made no secret of the matter; witness heard no threats made; that no one assisted Taylor save his said herder; that it is usual for stock-drivers to carry pistols, but saw no indications of intent to use violence. This was all the evidence.

The Court instructed the jury to the effect that if they believed from the evidence that the cattle belonged to Mrs. Hall, and that the defendant Taylor took and drove them away, they should find for the plaintiffs the value of the cattle, together with such damages as they thought from the evidence the plaintiffs had suffered at the hands of the said defendant; and that if they believed that the other defendants had no concern in the taking of the cattle in common with Taylor, they should find them not guilty.

It did not appear that any instructions were asked by defendants or either of them. The jury found for the plaintiffs against Taylor the value of ninety-two head of cattle at $7 per head, and two hundred dollars costs and damages; and as to the other defendants not guilty. Judgment accordingly; motion for new trial overruled, &c.

Bill of exceptions as follows:—

The defendant, Creed Taylor, offered first to introduce testimony as to his plea to the jurisdiction of the Court, which the Court refused to hear, and to which ruling defendant excepted.

And further, that after the plaintiff had closed his testimony, and failed to make out a case of conspiracy between this defendant and said Askey, Trammell and Lloyd, defendant Taylor moved the Court to dismiss the case and for costs, under his plea

to the jurisdiction; which motion the Court overruled, and defendant excepted.

Further, defendant, by his witness John Watson, offered to ·prove that the cattle marked P. K. had been traded and sold and controlled by the said Hall, and that his acts had always been recognized by his said wife; defendant further offered to prove that Mary Hall executed jointly with her husband a promissory note for one hundred head of cattle, the note set out and described in defendant's answer, and for the purpose of betting on the colt race mentioned in said defendant's answer; to all of which plaintiff objected, and the Court sustaining the objection, the defendants excepted.

Defendant further offered to prove that the defendant Taylor drove the cattle off to his ranch with the knowledge and consent of Hall and wife, which 'being objected to, the Court sustained the objection, and defendant excepted.

*Harwood & McKean* and *Parker & Nichols*, for plaintiff in error.

*Stewart & Mills*, for defendants in error.

WHEELER, J.  Of the errors assigned it is only necessary to notice those which are relied on for a reversal of the judgment. And we are of opinion the Court did not err in refusing to dismiss the case on the ground of a want of jurisdiction.  If the issue intended to be raised upon that plea was submitted to the jury, which does not appear, it was not the only issue they were required to pass upon.  Though not satisfied, by the evidence, of the truth of the plea, they could not do otherwise than return the verdict they did, as to the defendants not proved, to their satisfaction, to have been guilty of the trespass.  Although the evidence may not have been sufficient to warrant a verdict against the defendants who resided in Gonzales county, it certainly did not conclusively establish that they were improperly joined, purposely to give the Court cognizance of the case in that county. It is to be observed, moreover, that the plea setting up that defence was not filed until after a plea to the merits, nor was it verified by affidavit.  (Wilson v. Adams, 15 Tex. R. 323.)  It might have been treated as a nullity, and stricken out on motion. The proof of title in the plaintiff Mrs. Hall is clear and posi-

tive; there is nothing in the evidence to cast doubt upon her title. There is no evidence that any of the cattle in question in this suit were the increase of the wife's stock accruing after the marriage; it does not appear when the plaintiffs were married; and there is nothing in the evidence to warrant the Court in assuming that the property or any part of it, was acquests.

The consent of the plaintiffs to the taking away of the property, if they did consent, could not divest the wife of her title, and could only be material on a question of exemplary damages. But it was not a case for such damages; and as none were recovered, the exclusion of the evidence can have done the defendant no injury.

The only remaining objection to the judgment which seems to require notice relates to the damages. The allegation of special damage was wholly unsupported by evidence; yet the jury, in finding for the plaintiff two hundred dollars "costs and damages," must have intended to find upon that allegation. The verdict, in so far, is excessive, and it was error to give judgment upon it, unless the plaintiff had seen proper to remit the excess. (McClenny v. Floyd, 10 Tex. R. 159; 6 Tex. R. 51.) The judgment must be reversed; and as the plaintiff has intimated a willingness to enter a remittitur here, upon its entry the proper judgment will be rendered.

Reversed and reformed.