THE GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY
v. FREDERIC DUELIN.

No. 99.

### 1. Leading Question—Practice.

A witness was asked on direct examination: " From your knowledge and experience as an engineer, was it possible to have stopped the train after you saw plaintiff in his wagon coming on the track at the crossing, and prevented a collision with it?" On objection, *Held*, that the question was leading; it admitted of an answer, *yes* or *no*, and not only suggested the negative response, but was calculated to put in the mouth of the witness the very words of the examining counsel. It was properly excluded. After the objection, the question should have been so framed as to have permitted the witness to state the fact or opinion in his own way................................................ 452

### 2. Argument of Counsel.

It is the duty of the court to confine the argument of counsel, at any stage, to the evidence before the jury; but with the propriety of an argument upon testimony which has been adduced the court has no concern; especially when the opposing counsel has the right to reply. See example...................................................... 453

### 3. Remittitur.

Evidence was admitted and the issue submitted to the jury as a basis for damages (among others). the amount paid for medicines during recovery from the injury. This was not alleged in the pleadings. There was direct evidence that the injury and consequent suffering were great. The largest estimate of costs of medicines did not exceed $500. *Held*, that a remittitur of that sum cured the error in admitting the testimony and submitting the issue in absence of pleadings.......... 454

### 4. Practice—Exclusion of Illegal Testimony from Record.

The rule is, that the exclusion by the court of illegal evidence will cure the error of its admission. To the rule there may be rare exceptions. 454

**5. Argument of Counsel.**

In the closing argument counsel for plaintiff used improper language; the court promptly checked counsel, and instructed the jury to disregard the improper argument. There was testimony sufficient to sustain the verdict, which was not excessive. *Held*, that in such cases the appellate court will not interfere ................................ 454

Error to Court of Civil Appeals for Fourth District, in an appeal from Guadalupe County.

*Upson & Bergstrom*, for plaintiff in error, cited: Rev. Stats., arts. 1187, 1317; City of Austin v. Ritz, 72 Texas, 399; Railway v. Hennessey, 75 Texas, 156; Williams v. Railway, 60 Texas, 206; Willis & Bro. v. McNeill, 57 Texas, 465; Grimmell v. Railway, 31 Am. and Eng. Ry. Cases, 538; Railway v. Bailey, 11 Ohio St., 333; 1 Whart. on Ev., 3 ed., 408; Railway v. Wesch, 85 Texas, 593; Thomas v. Womack, 13 Texas, 583; Railway v. Redeker, 75 Texas, 315; Railway v. Coon, 69 Texas, 735; Eskredge v. Railway, 12 S. W. Rep., 580; Retain v. Railway, 55 Am. and Eng. Ry. Cases, 104; Railway v. Underwood, 64 Texas, 467; Railway v. Edwards, 78 Texas, 307; Tel. Co. v. Andrews, 78 Texas, 305; Kirby v. Estill, 75 Texas, 484; Dillingham v. Scales, 14 S. W. Rep., 566; Railway v. Jarrell, 60 Texas, 267; Beville v. Jones, 74 Texas, 154; Moss v. Sanger Bros., 75 Texas, 321; Railway v. Kutac, 72 Texas, 643.

*Ireland, Burgess & Dibbrell*, for defendant in error.

*John P. White* and *J. B. Dibbrell*, also for defendant in error, cited: Rev. Stats., art. 4232; Railway v. Wilson, 60 Texas, 142; Railway v. Cook, 16 S. W. Rep., 1038; Railway v. Chapman, 57 Texas, 75; Railway v. Carson, 66 Texas, 345; Railway v. Box, 81 Texas, 670; Railway v. Gorbett, 49 Texas, 573; Railway v. Garcia, 75 Texas, 583; McDonald v. Railway, 22 S. W. Rep., 939; Railway v. Weisen, 65 Texas, 443; Willis & Bro. v. Lowry, 66 Texas, 540; Railway v. Raney, 23 S. W. Rep., 240; Railway v. Dorsey, 66 Texas, 148; Railway v. Garcia, 62 Texas, 286; Railway v. Douglas, 73 Texas, 326; Railway v. Jones, 75 Texas, 151; Railway v. Johnson, 76 Texas, 422; Railway v. McLain, 80 Texas, 86; Railway v. Hinzie, 82 Texas, 624; Railway v. Cooper, 2 Texas Civ. App., 42; Radford & Ward v. Lyon, 65 Texas, 472; Railway v. Wesch, 85 Texas, 594; Railway v. Chadwick, 80 Texas, 375; Chadwick v. Meredith, 40 Texas, 382.

GAINES, Associate Justice.—Frederic Duelin, the defendant in error, brought this suit against the Galveston, Harrisburg & San Antonio Railway Company, the plaintiff in error, to recover damages for personal injuries. He obtained a judgment in the trial court, which was affirmed

by the Court of Civil Appeals.  This writ of error is sued out for the purpose of reversing the judgment.

The injuries complained of were the result of a collision at a crossing of the railroad and a public highway between a train of the defendant company and a wagon of the plaintiff, in which he was riding.  The ground of action, as alleged in the petition, was the failure to ring the bell or blow the whistle upon approaching the crossing.  The evidence upon the main issue was conflicting.  The plaintiff testified, in effect, that as he approached the railroad he stopped his wagon and looked and listened, but he neither heard the train nor saw it until he got upon the track.  He also swore, that if the bell had been rung or the whistle blown he could have heard it.  In these particulars he was corroborated by his daughter, who was riding in the wagon with her father when the accident occurred.  The plaintiff at the time of the collision was going south. Three persons who were going north, and who casually witnessed the collision, and were seemingly disinterested, testified that no signals were given of the approach of the train before the plaintiff drove upon the track.  Two passengers who were upon the train gave evidence to the same effect.

On behalf of the defendant, eight witnesses testified that the signals were given.  One of these was a passenger, another a section foreman, another the mail agent, and the others were the employes of the defendant who were engaged in operating the train.  Some of these swore most positively to the fact that the whistle was blown and the bell was rung.

For a considerable distance before reaching the crossing the train ran through a deep cut.  Upon the question whether the plaintiff could have seen the train, there was a like conflict in the testimony.

The plaintiff was thrown from his wagon by the collision, and his leg was broken in two places, so that the bone protruded.  He underwent at different times three amputations of the broken limb.  There was direct testimony that his sufferings were very great and long continued; and he testified, that he thought his doctor's bill would amount to $1000, and that in his opinion his bill for medicines would be about $500.  The verdict of the jury was for $9000.

In course of the trial the defendant placed upon the stand as its own witness S. N. Ganey, the engineer who was in charge of the train at the time of the accident, and among others propounded to him the following question:  " From your knowledge and experience as an engineer, was it possible to have stopped the train after you saw defendant in his wagon coming on the track at the crossing, and prevented a collision with it?" Objection having been made on behalf of the plaintiff, the court refused to permit the witness to answer the question.  The court's ruling was correct.  The brief of counsel would lead us to infer that the objection was based solely upon the ground that the question " elicited a mere

opinion of the witness, and did not call for any fact;" but the bill of exception shows that it was also objected to upon the ground that it was leading. This objection was well taken. The question admitted of an answer, "yes" or "no," and not only suggested the negative response, but was calculated to put in the mouth of the witness the very words of the examining counsel. After the objection the question should have been so framed as to have permitted the witness to state the fact, or rather his opinion as to the fact, in his own way. The materiality of the testimony which was sought to be introduced by the question we need not discuss.

In connection with this matter, it is also urged, that the court, after having excluded this testimony, erred in permitting the plaintiff's counsel, over the objection of the defendant, to urge before the jury in the opening argument that no effort was made by the servants of the company to halt the train after they discovered the plaintiff's wagon upon the track. There was no evidence of any attempt to stop the train before the collision, and the testimony being in conflict as to the negligence of the engineer in failing to give the signals, it is not clear to us that it was not legitimate to argue that he was negligent in that matter, because he showed a want of care in another particular at the same time. But however that may be, the fact that there was no effort to halt the train was deducible from the testimony, and counsel did not go out of the record in referring to it. It is the duty of the court to confine the argument at any stage to the evidence before the jury; but with the propriety of an argument upon testimony which has been adduced, it seems to us, it ordinarily has no concern. This is especially true when the opposing counsel has the right to reply. We do not understand that counsel sought to claim a recovery by reason of negligence of the servants of the company in failing to stop the train. If so, the court might properly have confined him to a discussion of the issue of negligence presented by the pleadings; that is, whether or not the statutory signals were given; and it would have been its duty to instruct the jury that they could not find a verdict for an act of negligence not alleged in the petition.

The amount of the liability incurred by plaintiff for medicines made necessary by reason of his injuries was not an element of the damages alleged in the petition, and upon this ground the Court of Civil Appeals correctly held that evidence as to the probable amount of such liability was improperly admitted. We are of opinion also, that the court correctly held that the error was cured by a remittitur of $500, that being the utmost sum by which the verdict could properly have been increased by the improper testimony.

It is to be presumed that the jury have endeavored to do their duty under their oaths, and to determine fairly the issues submitted according to the evidence adduced and the charge of the court; and it is also to be

persumed that they are competent to discharge that duty. That they could have considered themselves warranted by the testimony as to the amount of the account for drugs in giving a verdict on that score for more than the sum remitted, is not to be believed; and it follows that all possible injury which could have accrued to the defendant from the error of the court in admitting the evidence was repaired by the remittitur.

If the testimony had an indirect tendency to show that the plaintiff's sufferings were great, the defendant was not prejudiced by it; for the fact that he had suffered great pain was directly proved, and it was also shown by other testimony, not objected to, that his account for drugs was very large, although the amount was not stated. We therefore conclude that the Court of Civil Appeals was authorized to allow the remittitur in order to cure the error, without the aid of the recent statute upon the subject. Before the adoption of that statute it was a frequent practice to suggest a remittitur, and to affirm the judgment in case it was filed. Zapp v. Michaelis, 58 Texas, 270; Chadwick v. Meredith, 40 Texas, 380; Vance v. Lindsay, 60 Texas, 286; Taylor v. Hall, 20 Texas, 211; Railway v. Johnson, 72 Texas, 95; Jackell v. Reisman, 78 Texas, 588. As to the validity or effect of the statute referred to, we need give no opinion.

A witness for the plaintiff was permitted to testify, over the objection of the defendant's counsel, that after the collision he started to go from the train to the scene of the accident, and that some one in uniform, whom he took to be a porter or brakeman belonging to the train, attempted to prevent his doing so. Having said that he did not know that the person was a brakeman or porter, the court then excluded the evidence. The rule is, that the exclusion by the court of illegal evidence will cure the error of its admission. To this rule there may be rare exceptions; but we are of opinion that this is not so grave a matter as to be deemed one of them. We are of opinion that the defendant was not prejudiced by the court's action in this particular.

The language of counsel for the plaintiff, in his closing argument, which was complained of in the Court of Civil Appeals, and which is made one of the grounds for reversal in this court, is such as has been uniformly condemned. In such a case, where the trial judge has failed to rebuke the impropriety, and where the verdict is against the great preponderance of the evidence, or the damages are apparently excessive, it is the practice to reverse the judgment. But in this case the record shows that the court promptly told counsel that the language was improper, and that the argument was not legitimate, and instructed the jury to disregard it.

The evidence upon the issues of the negligence of the defendant and the contributory negligence of the plaintiff was such as to have admitted of a verdict for either party. There was no decided preponderance either way. The damages awarded are but a moderate compensation for the plaintiff's injuries, and indicate that the jury, in rendering their ver-

dict, were not influenced by the inflammatory language of counsel. Under such circumstances we know of no decision that would warrant us in setting aside the verdict for this irregularity.

For the reasons given, we are of the opinion that the judgment of the Court of Civil Appeals and of the District Court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

Delivered February 26, 1894.