## W. T. WAGGONER v. J. M. FLACK.

No. 794. Decided May 22, 1899.

**1. School Land—Sale—Forfeiture—Statutes.**

The Act of March 25, 1897 (General Laws 1897, p. 39), empowering the Commissioner of the General Land Office to declare forfeitures of sales of public school lands, applies to and authorizes such forfeiture for default in payments of interest then already due, as well as those to become due on such sales. (Pp. 634, 635.)

**2. Same—Cumulative Statutes.**

Such Act of 1897, being declared cumulative, does not conflict with other laws on the subject, nor repeal section 11 of the law of 1895, so as to prevent a forfeiture under that section. (P. 634.)

**3. Statutory Construction—Emergency Clause.**

See opinion for example of resort to the emergency clause of a statute for determining its purpose and application by reference to the necessity there declared. (Pp. 634, 635.)

QUESTION CERTIFIED by the Court of Civil Appeals for the Second District, in an appeal from Wilbarger County.

*F. P. McGhee, A. A. Hughes,* and *W. W. Flood,* for appellant.

*J. A. Lucky,* for appellee.

BROWN, Associate Justice.—The Court of Civil Appeals for the Second Supreme Judicial District has certified to this court the following statement and questions:

"The section of school land in question was first sold in November, 1885, at $2 per acre and on thirty years' time, to D. B. Phillips, who transferred his right to appellant. The law was complied with in this purchase and all interest paid to January 1, 1893. On August 20, 1897, no further payments having been made, the Commissioner of the General Land Office entered a forfeiture for nonpayment of interest, and after reclassification and appraisement at $1 per acre, in September, 1897, again put the land upon the market. In November following, appellee made application to purchase it as an actual settler upon another piece of school land within the prescribed radius, complying in all things with the law. Consequently, in March, 1898, the land was awarded to him. In the judgment appealed from, the action of the Commissioner in declaring the forfeiture and in awarding the land to appellee was approved, and the recovery of the land sought by appellant was denied.

"We therefore deem it advisible to certify to your honors for decision the question, whether or not under any law in force on August 20, 1897, the Commissioner of the General Land Office at any time before November, 1897, was authorized to declare a forfeiture for the nonpayment of interest due since the year 1894? That is to say, whether or not the forfeiture act of 1897 (Acts of 1897, page 39), which went into effect August 20, 1897, authorized any forfeitures until after the first of November of that year. And if it did not, then whether its enactment had the effect to repeal section 11 of the law of 1895, so as to prevent a forfeiture as provided in that section for interest falling due and remaining unpaid during the years 1894, 1895, or 1896?"

The act of the Legislature entitled, "An Act to authorize the Commissioner of the General Land Office to forfeit all lands heretofore sold by the State under any of the various acts of the Legislature for failure to pay any portion of the interest thereon," approved March 25, 1897 (General Laws 1897, page 39), empowered the Commissioner of the General Land Office to declare forfeiture of any sales of the public school lands made before the passage of the act, if any portion of the interest theretofore due upon the first day of November of any year remained unpaid, and also to declare such forfeiture in case any portion of the interest on such sales which might become due on the first day of any succeeding November should remain unpaid. In other words, this law applies only to lands sold prior to its enactment, but embraces payments of interest already due as well as those to become due on such sales.

It is declared in the act that it is cumulative, hence it does not conflict with any other law upon this subject, but was intended to supply an authority, claimed not to exist as to some of the sales, by covering the whole field from the beginning of such sales down to the date of the law. The emergency clause reads as fallows: "The fact that the authority of the Land Commissioner to make forfeitures of land without judicial

ascertainment has been questioned, and the fact that there are now more than 10,000 purchases which can be forfeited under the law, for nonpayment of the interest due thereon, and the further fact that it is almost impossible and certainly impracticable to institute so many different suits against so many different purchasers, creates an imperative public necessity requiring the suspension of the rule providing that bills be read on three several days, and the same is hereby suspended." The declared necessity of the law shows that its purpose was to dispel any doubt of the power of the Commissioner to enforce the State's right to forfeit all sales theretofore made and by explicit terms to authorize the Commissioner to enforce the existing rights of forfeiture for a failure to pay interest which had accrued anterior to the passage of the law, as well as for that which might accrue at a date subsequent to its enactment. This law does not repeal the eleventh section of the general law of 1895 upon the same subject.