### W. T. WAGGONER v. J. M. FLACK.

#### Decided June 24, 1899.

1. **State School Lands—Forfeiture for Nonpayment.**

It was within the power of the Legislature to authorize the Commissioner of the General Land Office (as by the Act of April 1, 1887, section 11), to declare forfeitures of State school land purchases for nonpayment of interest due thereon, and this without reference to the law under which the rights of purchasers accrued. Following Fristoe v. Blum, 92 Texas, 76.

2. **Same—Reinstatement.**

The Act of 1897, page 184, does not authorize the Commissioner of the General Land Office to reinstate a forfeited state school land purchase where, after he had declared the forfeiture, the land was sold to another and the rights of a third party had thus intervened.

APPEAL from Wilbarger. Tried below before Hon. G. A. BROWN.

*E. P. McGehee, A. A. Hughes,* and *W. W. Flood,* for appellant.

STEPHENS, ASSOCIATE JUSTICE.—The section of school land in controversy was first sold in November, 1885, at $2 per acre and on thirty years time, to D. B. Phillips, who transferred his right to appellant. The law was complied with in this purchase and all interest paid to January 1, 1893. On August 20, 1897, no further payments having been made, the Commissioner of the General Land Office entered a forfeiture for nonpayment of interest, and after reclassification and appraisement at $1 per acre, in September, 1897, again put the land upon the market. In November following appellee made application to purchase it as an actual settler upon another piece of school land within the prescribed radius, complying in all things with the law. Consequently, in March, 1898, the land was awarded to him.

Appellant made two attempts to have the original purchase reinstated, one in December, 1897, and the other pending this suit, tendering in each instance the arrears of interest, but both offers were rejected by the Commissioner because of the intervning rights of appellee.

It is thus seen that this case comes within the scope of the decision of our Supreme Court in the case of Fristoe v. Blum, 92 Texas, 76. True, the sale in that case was made under the law of 1883, which contained a forfeiture clause, but which clause, it is contended, had been repealed when the original sale in this case was made, in November, 1885. But in the opinion referred to this difference was treated as immaterial, as the decision was expressly placed upon the ground that it was within the power of the Legislature to authorize the Commissioner of the Land Office to declare forfeitures for nonpayment of interest in all such cases, without reference to the law under which the rights of purchasers accrued. We are therefore constrained by the opinion of our Supreme Court in Fristoe v. Blum to overrule the main contention of appellant in this case.

The contention that he was entitled to have a reinstatement of the original purchase is overruled by article 4218f (Act of 1897, page 185), 2 Sayles' Civil Statutes of 1897, which authorizes the Commissioner of the Land Office to make such reinstatement only in cases where "no rights of third persons may have intervened."

The further contention that the forfeiture was invalid is overruled by the opinion of our Supreme Court on the question certified in this case. See 92 Texas, 633.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.