PENELOPE REAL ESTATE CO. v. DAWSON et al. (No. 8015.)

(Court of Civil Appeals of Texas. Dallas. Nov. 2, 1918.)

1. BROKERS ⬳86(1)—COMMISSION—EVIDENCE.
In an action by a broker for commissions for securing a purchaser for vendor's lien notes owned by defendants, evidence *held* to warrant a finding that defendants did not undertake to secure the release of the land from a prior lien without which the purchaser would not buy the notes.

2. APPEAL AND ERROR ⬳1062(1)—HARMLESS ERROR — SUBMISSION OF DEFENSE NOT PLEADED.
In an action for commissions for securing a purchaser for vendor's lien notes, where defendants pleaded a general denial, *held*, in the absence of objection, that the submission of the defense that defendants did not undertake to secure a release of a prior lien without which the purchaser would not buy was harmless error, not warranting reversal.

3. TRIAL ⬳349(3) — SUBMISSION — SPECIAL ISSUES.
Notwithstanding Vernon's Sayles' Ann. Civ. St. 1914. art. 1992, the trial court may, under article 1984a, submit a case upon special issues without request by either party.

4. APPEAL AND ERROR ⬳975—MISCONDUCT—PROVINCE OF TRIAL COURT.
Whether there has been misconduct of the jury is for the determination of the trial judge, whose discretion is ordinarily controlling in the absence of a showing of abuse.

Appeal from Hill County Court; R. T. Burns, Judge.

Action by the Penelope Real Estate Company against R. L. Dawson and others. From a judgment for defendants, plaintiff appeals. Affirmed.

J. Webb Stollenwerck, of Hillsboro, for appellant.

F. E. McKee, of Hillsboro, for appellees.

RASBURY, J. Appellant sued appellees in the court below for $400, of which $200 was alleged to be due for commissions appellees agreed to pay appellant for securing for them a purchaser for approximately $10,000 of vendor's lien notes owned by appellees, and $200 of which was alleged to be the amount appellees agreed to pay one Stanislav, the prospective purchaser of the notes, in order that he might secure his release from a pending deal with another. Appellees, after certain preliminary pleas not necessary to enumerate, pleaded the general denial. Upon conclusion of the evidence, the court submitted to the jury a single special issue of fact, hereinafter referred to, and upon the jury's answer entered judgment for appellees for costs, from which this appeal is prosecuted.

[1] It appears from the evidence that, prior to the transactions which form the basis of the present controversy, appellees sold one Cocek 320 acres of land in Hill county, consisting of two tracts of 160 acres each. In the deed the vendor's lien was retained against the land as a whole to secure payment of notes approximating $20,000, and constituting a part of the purchase price of the land. Some of the notes were due, and Cocek was unable to pay them. Appellees were in urgent need of money and agreed to pay appellant $200 if he could find a purchaser for about $10,000 of said notes who would accept as security one of the 160-acre tracts. Appellants did induce one Stanislav to agree to purchase the notes upon condition that appellees would pay an additional $200 required to secure Stanislav's release from a pending loan or trade, and secure releases of certain liens thereon, presently referred to. While appellees demurred to the additional expense, they finally agreed to pay same. Against the land appellees sold Cocek were two liens, one in favor of one Hunton for $16,000, which also covered other lands, and one in favor of Pearsons & Taft for $2,600, covering 160 acres of the Cocek land. To this point the facts are not in dispute. Stanislav demanded a release of the Hunton lien. Concerning such release, the evidence of appellant tends to show that appellees unconditionally agreed to secure the release from Hunton as to the 160 acres of land, while the evidence of appellees tends to show that the agreement to pay commissions was contingent upon their securing such release from Hunton. Hunton declined to partially release the land securing payment of his debt. After Hunton's refusal to partially release the land, appellees made arrangement with one Cochran of Kansas City to take over and rearrange the Hunton debt. In this transaction Cochran took over the Cocek debt on the 320 acres, paying to appellees Cocek's debt.

The evidence so standing, the court submitted to the jury one issue of fact which in substance was, did appellees agree to procure

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

from Hunton a release of his lien on the Cocek lands, to which the jury replied that they did not.

By the first assignment of error, appellant asserts that such finding is without support in the evidence. R. L. Dawson testified in substance that Stanislav refused to take up the notes unless the additional $200 to secure his release from the pending trade was advanced and a release secured from Hunton, and that, while he thought the requirement that he should pay the $200 was a "holdup," he would pay it and carry out the trade provided he could secure release from Hunton, but that he did not believe he could secure it for the reason that he had refused to similarly release other portions of the land covered by his mortgage; that he in good faith attempted to secure the release from Hunton, who refused to allow it, and whereupon he notified appellant.

The foregoing is but a brief statement of the testimony of R. L. Dawson on the issue stated, but it will readily be seen that it is sufficient to sustain the finding of the jury, as would have been that of the appellants to have sustained a contrary finding.

[2] Complaint is also made of the action of the court in submitting the issue of fact he did submit on the ground that appellees pleaded only the general denial and did not specially plead their version of the contract. While we think appellees should have, in order to render testimony in support of it admissible, pleaded their version of the contract, yet in the absence of any objection to the admission of the testimony on that issue, and in the absence of any objection to the submission of the issue on the ground that the evidence sustaining such issue was admitted without sufficient pleading, we conclude we ought not to reverse the judgment on that ground, since it does not appear that such action was reasonably calculated to and probably did cause the entry of an improper judgment.

[3] Appellant also contends that the court erred in submitting the case to the jury upon special issues in the absence of a request from either side that he do so. The court may, by express provision of the practice acts, submit the case upon special issues without the request of either party. Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a; Acts 1913, Reg. Sess. p. 113, § 1. Formerly the case could be submitted on special issues only upon request of one or all parties. For some reason the old act is carried in Vernon's Sayles' Civ. Stats, as article 1992.

[4] Complaint is also made that there was misconduct on the part of the jury. The complaint is based upon the evidence of one of the jurors. A careful analysis of this juror's evidence will not support such a finding. Further, whether there has been misconduct of the jury is for the determination of the trial judge, whose discretion in that respect is ordinarily controlling, in the absence of any showing that he abused his discretion. There is no such claim made.

Finding no reversible error in the record, the judgment is affirmed.