CARR v. BORDNER. (No.·1072.)

(Court of Civil Appeals of Texas. El Paso. Feb. 19, 1920.)

1. TRESPASS TO TRY TITLE ☞41(3)—EVIDENCE TO ESTABLISH TITLE INSUFFICIENT.

Plaintiff fails to establish title to the land sued for, there not only being a difference between the description in his deed and that in the petition, but the evidence showing the tracts to be distinct.

2. ADVERSE POSSESSION ☞60(2) — HOSTILE POSSESSION MADE PERMISSIVE BY RESULT OF SURVEY UNDER AGREEMENT.

By result in plaintiff's favor, within the limitation period, of a survey of the land in

question under agreement of the parties that they should abide thereby, claim of right under which defendant had entered was terminated, and thereafter possession was not hostile, but permissive, and would not ripen into title, unless there was a repudiation of the permissive possession, with notice.

Appeal from District Court, Stonewall County.

Action by C. Bordner against M. P. Carr. Judgment for plaintiff, and· defendant appeals. Reversed and remanded.

Stinson, Chambers & Brooks, of Abilene, for appellant.

J. M. Carter, of Ft. Worth, for appellee.

WALTHALL, J. Appellee, C. Bordner, brought this suit against appellant, M. P. Carr, in trespass to try title, describing the land by metes and bounds as containing about three acres, more or less, and being a part of the southeast one-quarter of section No. 5, block 9, A. B. & M. lands, in Stonewall county, Tex.

Appellant answered by general demurrer, plea of not guilty, that he was the owner of the lands within the boundaries of his fence situated around his premises on section No. 2, block B, A. B. & M. lands in Stonewall county, describing same by metes and bounds. Appellant also pleaded the ten-year statute of limitation.

The case was tried before the court without the aid of a jury, resulting in a judgment for appellee.

[1] The first assignment is that the court erred in admitting in evidence the quitclaim deed under which plaintiff claimed title, because it described and conveyed survey 5 in block B, A. B. & M. land, when by his petition he sues for section 5 in block 9, A. B. & M. land in same county. It is clear that this deed does not describe the same land as the petition, but appellee suggests that there was no controversy as to the identity of the land, and the trial court found as a fact that they were the same.

Appellant attacks this finding of the court by assignment upon the proposition that there is no evidence upon which to base it. Appellee has not referred us to any evidence to support the finding, and we have failed to find any, but, upon the other hand, find affirmative evidence to the contrary. The county surveyor of the county testified that the land inclosed by defendant was not in block 9, and defendant, Carr, testified that section 5, block 9, was two miles west of section 5, block B. This evidence establishes that they are two separate and distinct surveys. Therefore the plaintiff has failed to establish title to the land sued for. Devine v. Keller, 73 Tex. 364, 11 S. W. 379; Raley v. Magendie, 116 S. W. 174.

[2] In view of another trial, we think it well to express our opinion on the questions presented under appellant's plea of the statute of limitation of ten years, under the supposition that appellant might properly describe and show title to the land in controversy.

The court found, and the evidence well sustains the finding, that appellee had the land in conflict between section 5 in block B and appellant's section No. 2 inclosed within his fence, cultivating and using same for more than ten years before the filing of the suit. But it was found by the court that within the limitation period a controversy arose between appellant and appellee as to said land resulting in the following writing:

"The State of Texas, County of Stonewall.

Know all men by these presents that we, Chas. Bordner and M. P. Carr, have this day entered into an agreement to have George Couch, ex-surveyor of Haskell county, Tex., to resurvey and stake out the east line of section 5 in Stonewall county between M. P. Carr and Chas. Bordner, as per the plat made by Martin Duval and George Couch, surveyors, in the suit of Seal's Heirs v. Chas. Bordner and M. P. Carr, as filed with district clerk and now on file in clerk's office, and further agree to abide by the line to be set out and staked as run by George Couch for all time, and further agree that Chas. Bordner is to pay for the surveyor's fees to be incurred in this agreed survey.

"Witness our hands this 23d day of May, A. D. 1910."

The agreement was signed by Bordner and Carr and witnessed.

The resurvey, as agreed, was made, resulting in appellee's favor and establishing the land in controversy as a part of quarter section No. 5, block B, A. B. & M. land, and not in appellant's survey No. 2.

Appellant continued to remain in possession of the land, cultivating and using same as formerly, thus completing full ten years' occupancy before suit was filed.

The trial court found that the running of the statute was interrupted by the agreement and the survey made as agreed establishing the land as belonging to appellee. Several assignments are presented which challenge the correctness of such holding.

While the land in conflict is not described in the agreement, the evidence leaves no doubt that the land here in conflict was the subject-matter of the controversy resulting in the agreement and the resurvey thus fixing the boundary between appellant's survey No. 2 and survey No. 5, claimed by appellee.

While the agreement does not identify the land the subject-matter of the agreement, the agreement for that reason might be thought to be ambiguous, and, if so, parol evidence offered to indicate what land was within the intention and purpose of the parties to have resurveyed. The record does not disclose that any suit other than this was ever filed in any way interrupting appellant's possession.

The agreement and what both parties did in acting under the agreement in having the resurvey made establishing the true boundary line between the two surveys clearly show that it was the intention of both parties that the boundary line, as thus established by Surveyor Couch should and would put an end to the controversy as to the boundary line between the two surveys supposed to be in conflict, and thereby put an end to the claim of the losing party to the land in conflict between the two surveys, both as to title to the land and its possession. No question is made as to the correctness of the resurvey. The possession of the land in controversy by appellant after the resurvey, to be available under the plea, must be an actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of appellee. The claim of right to possession under which the entry was commenced was that the land was a part of survey 2 owned by appellant. That claim of right was terminated by the result of the resurvey made under the agreement. The possession thereafter, under the agreement, while actual and visible, as formerly, was not under the same claim of right and inconsistent with the claim of appellee that the land was a part of his survey 5, but such possession would be a holding in subordination to the title of appellee. The possession of appellant after the resurvey, to be available under the plea, must also be hostile to the claim of appellee. The agreement and the result of the resurvey stopped the hostile character of the possession, as appellant thereby acknowledged the land to be a part of survey 5, if owned by appellee. Appellant agreed to abide for all time by the line as run in the resurvey. The possession thereafter was a permissive possession, and not hostile. Such possession does not ripen into title by an adverse possession unless there has been a repudiation of the permissive possession so as to convey notice of an adverse claim, which the record does not disclose.

For the errors pointed out, the judgment is reversed, and the cause remanded.