## PANHANDLE & S. F. RY. CO. v. COWAN.
### (No. 1681.)

(Court of Civil Appeals of Texas. Amarillo.
Nov. 3, 1920.)

1. **Trial** ☞349(2) — **Submission on general charge after request for special issues is error.**

Rev. St. art. 1984a, requiring the court in civil jury cases, on request of either party, to submit the cause on special issues, is mandatory, so that it was error for the court to submit the case on a general charge, where defendant at the proper time made a request for submission on special issues.

2. **Trial** ☞349(3) — **In absence of request, court may submit on general charge or special issues.**

Where there is no request by either party for submission on special issues, the court may submit on special issues or upon a general charge at his discretion.

3. **Witnesses** ☞258—**Testimony as to weight of hogs based on memory and records held competent, although records were not identified.**

In an action for damages to hogs in shipment testimony by a witness, who stated positively the weight of the hogs a short time after their arrival, and stated that he gave the weights from his memory and from records, which were correctly kept, was properly admitted, though he did not identify the record or state who kept it.

Appeal from Swisher County Court; W. S. Tompinson, Judge.

Action by J. C. Cowan against the Panhandle & Santa Fe Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Madden, Trulove, Ryburn & Pipkin and F. A. Cooper, all of Amarillo, for appellant.

Culton & Taylor and W. A. Graham, all of Tulia, for appellee.

HUFF, C. J. The appellee sued the appellant for damages to a shipment of hogs, from Tulia, Tex., to Ft. Worth, Tex., July 7, 1917. The negligence alleged is that the appellant unnecessarily loaded the hogs a long time before the trip began, and failed to drench them at proper times, whereby the hogs became excessively hot, and were thereby damaged at their destination, in the sum of $207.-22. Three hogs died, weighing 650 pounds, at $15.15 per hundredweight, $92.53, less salvage, $1 per hundredweight, $6.55; that there was an excess shortage on the weight of the 126 hogs amounting to 774 pounds, at $15.15 per hundredweight, amounting to $114.54. The appellant answered by general denial, and pleaded the contract of shipment, confining its liability for damages to its own line of road.

[1] The first assignment of error complains that the trial court submitted the case on a general charge after the appellant had in open court duly requested the court to submit the case to the jury on special issues, which request was made immediately after the close of the testimony, and before the preparation of the charge by the court. There was a proper bill of exceptions taken, showing that appellants made the request as set out in the assignment, and that the court refused to so submit the case, but, instead, submitted it upon a general charge. Appellant also filed in due time exceptions to the charge of the court, because it was general charge, and because the case was not submitted upon special issues, as requested. This action of the court was error. Article 1984a, Vernon's Sayles' Ann. C. S., requires:

"In all jury cases the court, upon request of either party, shall submit the cause upon special issues raised by the pleadings and the evidence in the case."

It has been repeatedly held that this statute is mandatory, and not discretionary with the trial court. Guffey Petroleum Co. v. Dinwiddie, 168 S. W. 439; Gordon Jones Consolidation Co. v. Lopez, 172 S. W. 987; Shaw v. Garrison, 174 S. W. 942; Klyce v. Gundlach, 193 S. W. 1092; Dorsey v. Cogdell, 210 S. W. 303; Jackson v. Martin, 218 S. W. 4.

[2] Where there is no request by either party, the court may submit on special issues or upon a general charge, at his discretion. Penlope v. Dawson, 206 S. W. 702; Ellis v. Haynes, 216 S. W. 249. The appellant having been denied its statutory right, the case must be reversed on that ground. It is apparently conceded by the appellee that the assignment and propositions are correct, but it is urged there was no injury, because the evidence is undisputed that there was negligence and damage as alleged, and that an instructed verdict would have been proper. The trial court evidently did not think so, but submitted issues of fact, both as to the negligence alleged and the defense urged by the appellant. Without discussing the evidence, we find that the issues were not undisputed by the evidence, but they are controverted by direct evidence, as well as circumstantial, and it was a question of fact for the jury under proper instructions.

It will be unnecessary to notice the second assignment of error.

[3] The third assignment asserts error in permitting the witness Keen to give the weight of the hogs at Ft. Worth. This witness shows that he sold the hogs, and was with them from the time they arrived until they were weighed. He gave the weight of the hogs apparently independently of the account sales or of any record. He testified positively as to the weight of the hogs, and also testified he gave the weights from the

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

records and from his memory. He says the records were correctly kept. He does not identify the record or who kept it; it may have been made by him, and we think it should be presumed that it was, in considering the admissibility of his testimony. There is no reversible error shown in admitting his testimony. Railway Co. v. Clarendon Grain Co., 215 S. W. 866; Railway Co. v. Arnett, 219 S. W. 233.

For the reasons assigned in the first assignment of error, the judgment will be reversed, and the cause remanded.