## WIESER v. OATES. (No. 6363.)

(Court of Civil Appeals of Texas. Austin. Oct. 26, 1921.)

1. **Trial ⬤349(1)—Court erred in not submitting case on special issues.**

Trial court erred in not submitting case on special issues as required by defendant before the judge read his charge to the jury, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a.

2. **Appeal and error ⬤1060(1)—Conduct of attorney in presence of jury held prejudicial.**

Where jury asked permission to examine wheat which defendant had refused to accept on ground that it was not the quality contracted for, and judge, out of presence of jury, consulted attorneys, and plaintiff's attorney stated that he was willing, and attorney for defendant answered that he would neither consent nor deny, and court then told the jury that their request would be refused unless it was agreed to by both parties, act of plaintiff's attorney in then stating that he was willing for the jury to have their request granted was prejudicial error, having the effect to cause the jury to believe they were denied the privilege requested by defendant's refusal to consent.

Appeal from Hamilton County Court; J. C. Shipman, Judge.

Suit by W. W. Oates against H. M. Wieser. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Dewey Langford, of Hamilton, for appellant.

Arthur R. Eidson, of Hamilton, for appellee.

KEY, C. J. W. W. Oates brought this suit against H. M. Wieser, and recovered a judgment for $979.50, interest, and costs of suit, for damages alleged to have resulted from the failure of the defendant to accept and pay for 450 bushels of wheat, according to the contract alleged in plaintiff's petition; and the defendant has appealed. We reverse the case for the following reasons:

[1] 1. The trial court erred in not submitting the case to the jury upon special issues as requested by the defendant before the judge read his charge to the jury. Article 1984a, Revised Civil Statutes; G. H. & S. A. Ry. Co. v. Cody, 92 Tex. 633, 51 S. W. 329; Panhandle, etc., Ry. Co. v. Cowan, 225 S. W. 185; Klyce v. Gundlach, 193 S. W. 1093; Stone v. Robinson, 218 S. W. 5; Dorsey v. Cogdell, 210 S. W. 303.

[2] 2. After the case had been submitted to the jury, that body appeared before the court, in the absence of both parties and their attorneys, and asked permission to go to appellee's farm and examine the wheat in controversy which the defendant had refused

---

⬤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

to accept, upon the ground that it was not the quality of wheat contracted for. The judge did not answer the question at that time, but informed the jury that. he would do so later; and thereafter, in their absence, he consulted the attorneys for the respective parties about the request made by the jury, and the attorney for the plaintiff answered that he was willing that that request be complied with, and the attorney for the defendant answered that he would neither consent nor deny the request, but would insist on a legal trial. The jury were then brought into court, and the judge told them that their request would be refused, unless it was agreed to by both parties; whereupon, the plaintiff's attorney stated to the court, and presumably in the hearing of the jury, that he was willing for the jury to have their request granted.

That action of appellee's attorney is assigned as error, and we sustain the assignment. The effect of it was to cause the jury to believe that, by appellant's refusal to consent, the jury were denied the privilege which they had requested of personally examining the wheat. This misconduct of the appellee's attorney rendered nugatory all the efforts which the court had made to prevent the jury from knowing why their request was not granted, and such knowledge was calculated to prejudice the jury against appellant.

3. The fifth and sixth paragraphs of the court's charge are subject to the objection pointed out. in appellant's brief, and should be corrected upon another trial.

Assignments presenting other questions are overruled, but for the reasons stated the judgment is reversed, and the cause remanded.

Reversed and remanded.