## MACH et al. v. HALVE. (No. 6518.)

(Court of Civil Appeals of Texas. Austin. Dec. 20, 1922. Rehearing Denied Jan. 24, 1923.)

1. **Appeal and error ⟐1060(1)—Question whether party testifying was wiling for jury to inspect farms and court's remark that they could do so if counsel agreed held not reversible error.**

In an action to recover possession of a farm, from which defendant was ejected during his term as a tenant, thereby being compelled, as alleged in his cross-complaint, to rent another farm of inferior soil, where plaintiffs' counsel, after objecting to a question asked one of his clients as to whether he was willing for the jury to "go out and look at both" farms, stated in their hearing that he would be glad for the jury to inspect them, but that the law did not allow it, the court did not permit them to make such inspection and instructed them not to consider what had been said with reference thereto, and the amount of the verdict for defendant might have been sustained by the facts without reference to the difference in the soil, the appellate court could not say, at least in the absence of a statement of facts, that the asking of such question, and the court's remark that he would permit the jury to go if counsel agreed, constituted reversible error, as influencing the jury to believe that plaintiff objected.

2. **Appeal and error ⟐548(3)—Whether verdict is excessive cannot be determined without statement of facts.**

Whether the verdict is excessive cannot be determined without a statement of facts.

---

Appeal from District Court, McLennan County; Jas. P. Alexander, Judge.

Action by Adolf Mach and others against Max Halve. Judgment for defendant, and plaintiffs appeal. Affirmed.

Method Pazdral, of West, and Weatherby & Rogers, of Waco, for appellants.

Spell, Naman & Penland, of Waco, for appellee.

JENKINS, J. Appellant Mach was the owner of a 130-acre farm in McLennan county, which he rented to appellee for the year 1917. On January 9, 1917, appellant filed suit, in trespass to try title, to recover the possession of said land. He sued out a writ of sequestration, by virtue of which the land was seized, and afterwards gave a replevy bond, with the other appellants as his bondsmen, thereby depriving appellee of the use of the farm for that year. Appellee filed a cross-action, alleging that he rented the farm on the usual terms, one-third and one-fourth of the crops, and that after he was ejected therefrom the best that he could do was to rent a farm of 55 acres of inferior soil, for which he was compelled to pay a bonus of $500, on account of farms generally having been rented prior to his ejectment. He alleged that he was damaged by the acts of appellant, in dispossessing him of the farm, the difference in the net value of the crops which he would have raised on the farm of appellant and that which he did raise on the farm rented, in the sum of $1,700, certain other expenses which he was forced to incur, and the bonus of $500, which he was compelled to pay, his actual damages amounting in the aggregate to $2,600. He also asked for $2,500 exemplary damages.

The case was submitted to a jury upon special issues, in answer to which a judgment was rendered for appellee for $750 actual damages.

No statement of facts had been filed in this court, the issue raised being that the judgment herein should be reversed on account of misconduct of attorneys for appellant, and of the court, the facts in reference to which are shown by the following bill of exceptions:

"Be it remembered that upon the trial of the above numbered and entitled cause, and while the testimony was being introduced upon the trial of said cause, and while the defendant O. F. Schmaultz was being cross-examined by Mr. W. W. Naman, attorney for the defendant Max Halve, the following questions, objections, rulings, and remarks of the court took place in open court, and in the presence of the jury, to wit:

"Mr. O. F. Schmaultz, one of the defendants to defendant's cross-action, having been first duly sworn on oath, testified, in part, as follows, on cross-examination by Mr. Naman with reference to the character of the lands involved in this suit:

"Q. Are you willing for this jury to go out and look at both of those pieces of land?

"Mr. Rogers: Your honor, that is just a grand stand play, and counsel knows it. We object to it. It is prejudicial, and counsel knows that too. It is objectionable even to ask the question.

"The Court: Sustain the objection, I believe.

"Mr. Naman: I think, if the court please, that we have a right to offer to tender that.

"Mr. Rogers: It is better not to make those offers; we are very glad for them to go out, but you know the law don't allow it.

"Mr. Naman: Don't allow what?

"The Court: If you gentlemen will agree to it, I will let them go out.

"Mr. Rogers: I will agree to it.

"Mr. Naman: All right.

---

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"The Court: Let's get going.

"Mr. Rogers: We want to make a motion to exclude the remarks of the court that, if counsel for the opposite side would agree to the proposition of counsel for the defendant Max Halve to take the jury out to view the two farms in question in this suit, the court would permit the jury to go, and that the same would be legal, for the reason that the same is illegal and the remarks of counsel in making the proposition were highly prejudicial to the rights of the opposite side, and the remarks of the court in response to this proposition were likewise prejudicial, and we request that the court correct his remarks to the jury.

"The Court: Let the record show that counsel for the defendant made the remark, in substance—

"Mr. Naman: Excuse me. There wasn't any remark. I said to Mr. Schmaultz, would you be willing?

"The Court: Counsel for the defendant asked one of the parties if he would be willing for the jury to go out and view the two farms, and counsel for plaintiff then objected to this question, and the court sustained the objection, and told the jury not to consider it, and if the matter had ended there it would have been settled, but counsel for plaintiff then remarked that the question was improper, and that it was not lawful for the jury to view the two farms, and counsel for defendant well knew it, or something to that effect, and the court then remarked that it would be legal for them to view the farms if counsel for both sides would agree. If counsel for plaintiff now desires to withdraw his remark about the matter being illegal, the court will then instruct the jury not to consider the remarks made by defendant's counsel or by the court, but I really think my remark was properly brought about by yourself.

"Mr. Rogers: It is prejudicial.

"The Court: I am willing to correct it if you will withdraw your remark.

"Mr. Rogers: I will not do that, because I say that the asking of that question was illegal.

"The Court: And I so told the jury, and I will now so instruct the jury not to consider the remarks of counsel for the defendant or the court if you will withdraw your remark.

"Mr. Rogers: No, I am very well satisfied with the record just like it is, and I take a bill of exception to the asking of the question, and to the remarks of the court in response to my objections to the asking of the question, and to the court's refusing to correct his statement to the jury."

After all parties had rested:

"The Court: There have been some remarks made about going out there to see the farms in question. Perhaps those remarks on the part of all of us were improper, and I instruct you not to discuss those, or consider them for any purpose.

"That thereupon the counsel for plaintiff, Adolf Mach, and the defendants O. F. Schmaultz and the heirs of J. R. Schiller, deceased, in open court took a bill of exceptions to the action of the court and the entire procedure above outlined, and here now tenders plaintiff's bill of exceptions No. 1, and asks that the same be approved and allowed by the court."

The jury were not in fact permitted to inspect the two farms, and in this respect this cause is different from Smith v. State, 42 Tex. 444, and Riggins v. State, 42 Tex. Cr. R. 472, 60 S. W. 877. Also, this case is differentiated from Wieser v. Oats (Tex. Civ. App.) 234 S. W. 553, inasmuch as in that case the jury had requested permission to inspect the wheat. They were retired, and the question was considered by the court. One of the parties refused to agree to such inspection; the jury were brought back and told that the court could not grant their request, except upon the consent of both parties. Thereupon the attorneys for one of the parties stated, in the presence of the jury, that he would agree to such inspection. This, in view of what the court had stated, was, in effect, to tell the jury that the refusal to grant their request was upon the objection of the other party. Such conduct was clearly reprehensible and calculated to influence the jury.

[1, 2] In this case, we do not think the jury could have been influenced by the idea that the appellant objected to their inspecting the farms, for the reason that counsel for appellant stated, in their hearing, as shown by the bill of exception, that he would be very glad for the jury to go out and inspect the farms, but the law did not allow it, and, inasmuch as the court did not permit them to make such inspection, the jury must have concluded that it was not because appellant objected, but because the law would not permit them. In addition to this, the bill of exception shows that the court instructed the jury not to discuss what had been said with reference to inspection, and not to consider remarks on that issue for any purpose. Had the jury been permitted to examine the two farms, the only evidence that would have been presented to them by such view would have been the difference, if any, in the soil of such farms. The verdict in this case for $750 damages might have, so far as we know, been amply sustained by the facts, without reference to the difference in the soil. There is no assignment that the verdict is excessive, and, if there were, we could not determine that issue without a statement of facts.

We do not believe that the facts shown by the bill of exception above set out present reversible error. At least, we cannot say so without the benefit of a statement of facts. Finding no reversible error of record, the judgment of the trial court is affirmed.

Affirmed.