Court of Civil Appeals of Texas. Waco.
Jan. 23, 1936.

Rehearing Denied Feb. 20, 1936.

Walker, Baker & Walker, of Cleburne, and Handley & Schaeffer, of Dallas, for appellant.

W. E. Myres, of Fort Worth, for appellees.

ALEXANDER, Justice.

This suit was brought by Mrs. Julia M. Hammond, joined pro forma by her husband, against the American National Insurance Company to recover on a life insurance policy issued by the defendant on the life of Rosa Lee Hammond. The plaintiff sued to recover double indemnity as provided in the policy on the theory that the insured lost her life by accidental means, and also statutory penalty and attorney's fees. The insurance company defended on the ground that the insured had committed suicide in violation of the terms of the policy. The verdict of the jury was favorable to the plaintiff, and the court entered judgment in her behalf for double the face of the policy, with 12 per cent. penalty and attorney's fees. The defendant appealed.

The insured was killed by being shot in the chest with a shotgun. The insurance company sought to avoid liability on the ground that she committed suicide in violation of the terms of the policy. It was a closely contested issue as to whether or not she shot herself or was shot by a male companion. The jury found that she did not kill herself. The appellant here contends that the evidence was insufficient to support the verdict. It would not serve any useful purpose to recite the evidence in this opinion. It is sufficient to say that we have very carefully reviewed the evidence and reached the conclusion that it is sufficient to support the verdict. Home Benefit Association v. Briggs (Tex. Civ.App.) 61 S.W.(2d) 867 and authorities there cited.

The jury found that the insured did not kill herself, but there was no issue submitted by the court nor finding made by the jury as to whether or not she was killed by the male companion. Appellant insists that, because of the absence of such finding, the verdict is insufficient to support the judgment. We cannot agree with appellant's contention. The contract of insurance provided that the company would pay double the face of the policy if the insured "sustained bodily injury, solely through external, violent and accidental means, * * * resulting in death of the insured. * * *" Since it was alleged by both parties that the insured was killed by being shot by a

gun, it was not necessary to submit that issue to the jury. Ewing v. Wm. L. Foley, Inc., 115 Tex. 222, 280 S.W. 499, par. 5, 44 A.L.R. 627; Lafield v. Maryland Casualty Co., 119 Tex. 466, 33 S.W. (2d) 187. If the insured was killed by being shot with a gun, as alleged by the parties, and if the injury was not self-inflicted, as found by the jury, then the death of the insured resulted from an injury sustained solely through external, violent, and accidental means, and it was not otherwise material who inflicted the wound causing her death. National Life & Accident Ins. Co. v. Hodge (Tex.Civ.App.) 244 S.W. 863; Jefferson Standard Life Ins. Co. v. Myers (Tex.Com.App.) 284 S.W. 216; 1 C.J. 431.

■ E. R. Hill was a material witness for the appellant. He resided in Tarrant county, but promised to attend court as a witness for the trial in Johnson county. He was in Cleburne on one night during the time the case was on trial and promised to remain over and testify as a witness the next morning. He did remain over until about 7:20 o'clock the next morning, but left before court convened. The appellant complains of the refusal of the court to allow it to withdraw its announcement of ready and to postpone the trial because of the absence of this witness. No attempt was made to take the deposition of the absent witness, nor was any effort made to have the witness subpœnaed until after 9 o'clock on the day that he failed to appear and testify as a witness. The ruling of the trial court under these circumstances does not require a reversal of the judgment appealed from. Revised Statutes, art. 3707; 9 Tex.Jur. 698; Gulf, C. & S. F. Ry. Co. v. Wheat, 68 Tex. 133, 3 S.W. 455; East Line & Red River R. R. Co. v. Scott, 71 Tex. 703, 10 S.W. 298, 10 Am.St.Rep. 804; Texas Employers' Ins. Ass'n v. Howard (Tex.Civ.App.) 61 S.W.(2d) 132.

■ While counsel for appellant was cross-examining a witness with reference to the floor plan of the house where the killing took place and the position of said house in relation to near-by streets and other buildings, the following occurred:

"Mr. Walker (attorney for appellant): I wonder if we could get a blackboard or something to draw a diagram on?

"Mr. Myres (attorney for appellee): I am perfectly willing for the jury to go down there and look at it if counsel wants them to.

"Mr. Walker: We have no objection, but—

"Court: I don't think we had better have that.

"Mr. Myres: I did that in order to, or thinking it might save time."

About the time this colloquy was concluded, another one of appellant's attorneys approached the court's desk and whispered to the judge that he objected to the offer of counsel in the presence of the jury to allow the jury to view the scene of the accident. Whereupon the court said: "Gentlemen, you will not consider that statement about going down and looking at a view of the house." Whereupon counsel for appellee said: "I will withdraw it myself then, your Honor." The bill of exception recites that some of the jurors perceived that counsel for appellant was making the objection. It is here contended that the above conduct requires a reversal of the judgment appealed from. We recognize the rule that, in cases where the relative positions of various objects at or near the scene of an accident are material to the disposition of the case and the evidence relative thereto is conflicting, it is sometimes held to be reversible error for counsel for one of the parties to offer in the presence of the jury to allow the jury to view the scene of the accident. The rule is based on the proposition that the making of such request puts the opposite party in the position of having to either unwillingly acquiesce therein or of objecting thereto in the presence of the jury and thus being put in the attitude of concealing material evidence. See, in this connection, 64 C.J. 90; Bailey v. Woodrum Truck Lines (Tex.Civ.App.) 36 S.W.(2d) 1090, affirmed (Tex.Com.App.) 57 S.W.(2d) 92; Walton v. Siems (Tex.Civ.App.) 71 S.W. (2d) 586; Wieser v. Oates (Tex.Civ.App.) 234 S.W. 553. It will be noted, however, that counsel for appellant did not suffer any such embarrassment in this case. Here the trial judge of his own motion promptly intervened and assumed the responsibility for refusing the jury the right to view the scene of the accident. Up to that time appellant's counsel had not been put in the position of refusing to allow the jury to view the scene, and consequently had suffered no injury. If thereafter counsel for appellant disclosed his attitude in the presence of the jury, he did so unnecessarily, and his client must bear the consequences. Under these circumstances, we do not think

that such conduct on the part of counsel for the appellees requires a reversal of this judgment. See, in this connection, Mach v. Halve (Tex.Civ.App.) 248 S.W. 95.

 Mrs. Miller, a witness for appellee who lived across the street from the scene of the accident, testified that at the time of the shooting she was sitting in her room looking through the window toward the house where the killing took place. She detailed what she saw there at the time. There was some other evidence tending to show that her view of the scene was obstructed by trees. Counsel for appellee, in discussing Mrs. Miller's evidence and what she saw, told the jury that it would be improper 'for them to go to Mrs. Miller's house and view the premises during the trial, but that he wanted them to go over there and look at it after they had rendered their verdict. This last remark was objected to as being improper, and the making thereof is here assigned as error. The record discloses that the court instructed the jury not to consider the improper argument. We are of the opinion that the error, if any, in making the alleged improper argument was such as could be and was cured by the instructions of the court. City of Waco v. Rook (Tex.Civ. App.) 55 S.W.(2d) 649, par. 17; Galveston, H. & S. A. Ry. Co. v. Duelin, 86 Tex. 450, 25 S.W. 406. This assignment is overruled.

 Appellant asserts that the pleadings and evidence were insufficient to show a demand for payment of the amount due under the policy so as to authorize judgment for penalty and attorney's fees as provided for in the statute (Vernon's Ann.Civ.St. art. 4736). The petition alleged that the insured died September 13, 1933; that immediately thereafter plaintiff, on forms furnished by the defendant, made and filed proper proofs of loss, and thereby made proof of claim for all sums due under the policy; and that, after making proof of death and proof of claim, on or about November 21, 1933, the defendant by an instrument in writing denied all liability and refused to pay plaintiff anything. Plaintiffs alleged that under the premises they were entitled to the statutory penalty and attorney's fees. There was no exception to the sufficiency of the plea for penalty and attorney's fees. The suit was not filed until April 9, 1934. The evidence shows that a personal demand for payment was made

on the superintendent of the company about November 21, 1933, and that payment was refused and liability denied on the same day. We think that, in the absence of a special exception, the plea for penalty and attorney's fees was good, and that the evidence was sufficient to authorize a recovery. National Life & Accident Ins. Co. v. Hines (Tex.Civ.App.) 50 S.W.(2d) 364, par. 11.

We have considered all other assignments and find them without merit.

The judgment of the trial court is affirmed.