MRS. BELLE BEAN HIGGINS ET AL. V. W. W. SPEAR ET AL.

No. 4645. Decided March 27, 1929.
(15 S. W., 2d Series, 1010.)

*C. W. Croom* for plaintiffs in error.

Even though the water collected in said channel, or slough, on appellees' land was entirely water thrown thereon and diverted thereto by artificial means, to-wit, dykes and dams of third parties and of Hudspeth County Irrigation District No. 1, the diversion of said water thereby affords the defendants no excuse for their wrongful act, and the same comes within the ruling that if two human agencies, acting independently and separately, combine to cause injury, each of such agents is liable to the same extent as if his acts were the sole cause of the injury. Kinney, Vol. 3 (2d Ed.), p. 2991; Gulf C. & S. F. Ry. Co. v. McWhirter, 13 S. W., 26; Markham v. Houston D. N. Co., 11 S. W., 1131; Wilkinson v. Garrett, 229 S. W., 666; Houston & T. C. Ry. Co. v. Wright, 195 S. W., 605; Gulf C. & S. F. Ry. Co. v. Boyce, 87 S. W., 395; St. L. & S. W. Ry. Co. of Tex. v. Jenkins, 89 S. W., 1106.

The defendants cannot justify their acts in damming up the said slough on their property and throwing the water back upon plaintiffs' lands, because the same was diverted upon defendants' lands through

the construction by Hudspeth County Irrigation District No. 1, for the reason that if damage is done to private property by the construction of works authorized and permitted to exist by statute for the public weal where such damage does not differ from like damage to property in the same vicinity, then the damage is merely consequential and recovery cannot be had. Ft. W. Imp. Dist. No. 1 v. City of Ft. Worth, 158 S. W., 164; Green v. Swift, 15 Pac. Rep., 542. A distinction is made between "repelling" surface waters, and the *accumulating* of the same and throwing them back upon an adjoining property-owner, for which distinction, see the following: Booker v. McBride, 40 S. W., 1031; Gembler v. Echterhoff, 50 S. W., 313; Batla v. Goodell, 115 S. W., 622.

*Armstrong & Morrow,* for appellees.

Appellees had the right to dam and maintain a dam against surface waters artificially thrown on them. Kauffman v. Griesemer, 67 Amer. Dec., 437; Crabtree v. Baker, 51 Amer. Rep., 424; Avery v. Empire Woolen Co., 82 N. Y., 582; Wills v. Babb, 6 L. R. A. (N. S.), 136; 27 R. C. L., page 1108; Farnum on Waters, 2576, 2579; Barnett v. Rice & Irrigation Co., 98 Texas, 355.

MR. JUSTICE PIERSON delivered the opinion of the court.

For a statement of the case we quote the following from the opinion of the Court of Civil Appeals:

"This is a suit by the appellants (plaintiffs in error) to recover damages to crops caused by water being backed upon their land by an embankment erected by the appellees (defendants in error) upon land belonging to the appellees and for a mandatory injunction for the removal of such embankment. From a judgment denying any relief the plaintiffs appeal.

"The findings of the trial court are lengthy and present the facts in detail. It is not necessary to state the same in full. In brief, the facts found, and which we hold the evidence supports, are as follows:

"The parties own adjoining tracts of land. There is a lowland tract known as a slough, commonly accepted to be an old river-bed extending through the plaintiffs' land into the defendants' land. In a southerly and westerly direction from the land of the parties is another tract of lowland known as a slough. In the neighborhood of the lands of the parties is what is known as Arroyo de Macho or Burro Creek; also what is known as Madden Draw. Burro Creek and Madden Draw are dry runs, but when the rains fall the surface

water concentrates and flows therein. Prior to the construction of certain ditches, embankments and irrigation canals hereinafter mentioned the flood waters of Burro Creek and Madden Draw flowed naturally into the lowland or slough to the south and west of the lands of the parties and thence into the Rio Grande River at a point west of the parties' lands except when the lowland was 'entirely overflowed,' in which event the overflow water would back up on plaintiffs' land and pass thence through the old river-bed onto the defendants' lands.

"Prior to July, 1924, third parties, for whose acts neither the plaintiffs nor defendants are responsible, constructed upon their own lands certain ditches, embankments and irrigation canals which diverted the natural flow of the waters of Burro Creek and Madden Draw from the aforesaid lowland to the south and west of the lands of plaintiffs and defendants, whence most of it would have passed into the Rio Grande River without touching the lands of the parties to this suit. In consequence of this diversion the water passed into the old river-bed or slough on plaintiffs' land and thence onto the defendants' land. Prior to July, 1924, the defendants constructed upon their land for the protection thereof from such flood waters, an embankment across said old river-bed. In consequence of this embankment water flowing in the river-bed in July, 1924, and in September, 1925, was impounded and backed up on the plaintiffs' land, damaging growing crops upon about 33 acres of plaintiffs' land, to their damage in the sum of $1400.00 in July, 1924, and $785.00 in September, 1925. The rains causing the flow of this flood water were heavy but not unprecedented, and might reasonably have been anticipated.

"The trial court concluded:

"1. Defendants were liable in damages for any act of theirs which interfered with the natural flow of the surface water.

"2. Defendants were not liable for any act of theirs reasonably necessary to protect their land from the overflow of surface water diverted to their land by the aforesaid embankments, canals and ditches.

"3. Defendants, in view of the artificial diversion of surface water to their land were justified in erecting embankments to prevent the overflow of their lands by the waters artificially diverted.

"4. Defendants are not liable to plaintiffs for the damages sustained by the overflows in 1924 and 1925, and (plaintiffs) are not entitled to the relief sought.

"Under the Act of 1915, Chapter 7, First Called Session (Art. 1011t, Vernon's Sayles' Statutes), it is made 'unlawful for any person, firm or private corporation to divert the natural flow of the surface waters in this State or to permit a diversion thereof caused by him to continue after the passage of this Act, or to impound such waters, or to permit the impounding thereof caused by him to continue after the passage of this Act, in such a manner as to damage the property of another, by the overflow of said water so diverted or impounded.' * * *

"Appellants assert that under this Act it was unlawful for appellees to erect the embankment upon their land across the old river-bed and appellees are liable in damages for the injury caused by the water impounded by the embankment and backed upon their land."

The Court of Civil Appeals affirmed the judgment of the trial court, which denied plaintiffs in error the right to recover.

The facts as found by the District Court and the Court of Civil Appeals control the case. The controlling fact is that the waters which caused the damage to the crops of plaintiffs in error were not waters which naturally and customarily flowed across the lands of plaintiffs in error and defendants in error, but were waters which had been diverted from their natural flow on to the lands of defendants in error and plaintiffs in error by other and third parties, and for whose acts none of the parties to this suit are responsible.

The Court of Civil Appeals announced the correct rule when it said: "Land is subject to no servitude to receive upon it water, the natural flow of which has been diverted to it."

Construing the Act of 1915 (Art. 5011t, Vernon's Sayles' Statutes), the Court of Civil Appeals says: "The Act of 1915 relates only to the 'natural flow.' It imposes upon land no servitude to receive water which did not naturally flow upon it."

We deem it unnecessary to add anything to the clear and able opinion of Associate Justice Higgins in this case, but for further discussion and elaboration we refer to his opinion and the authorities therein cited, which may be found in 283 S. W., 584.

The judgments of the District Court and of the Court of Civil Appeals are both affirmed.

*Affirmed.*