**GULF, C. & S. F. RY. CO. v. SEYDLER, County Judge, et al.**

No. 11003.

Court of Civil Appeals of Texas. Galveston.

Oct. 26, 1939.

Terry, Cavin & Mills and Rupert R. Harkrider, all of Galveston, and Ingram & Ingram, of Wharton, for relator.

No brief for, nor answer of, respondents was filed.

GRAVES, Justice.

This is an original application to this Court by the Gulf, Colorado & Santa Fe Railway Company, as relator, against Hon. Gus Seydler, County Judge of Wharton County, and Fred Cunningham, as respondents, whereby it is sought to have this court compel such County Judge to set aside his order of September 2 of 1939, granting Fred Cunningham a new trial in cause No. 1873 in the county court of Wharton County, Texas, styled Fred Cunningham v. Gulf, Colorado & Santa Fe Railway Company, and in lieu thereof to reinstate his prior judgment of August 26 of 1937, in such cause, wherein a recovery in favor of the relator and against respondent Cunningham had been allowed, upon a jury's verdict in response to special issues submitted, after a full trial of the cause on its merits.

The factual structure presented here as a basis for the prayed-for writ is undisputedly made to appear from the proceedings taken from the record herein, to-wit:

"2. Heretofore respondent, Fred Cunningham, sued relator in the County Court of Wharton County, Texas, in Cause No. 1873, styled, Fred Cunningham v. Gulf, Colorado and Santa Fe Railway Company, for damages in the amount of $490.00, and costs of suit, for injuries alleged to have been sustained by said respondent, Fred

Cunningham, as a result of relator's construction of its roadbed without sufficient drains and sluices to take care of the natural flow of water across relator's right of way, as the result of which the floodwaters of Caney Creek in June, 1935, backed upon and covered the floors of respondent's, Fred Cunningham's, houses, located some 300 feet northwest from relator's roadbed; that thereafter, and on July 12, 1938, respondent, Fred Cunningham, through his attorneys, N. P. Reid and Cline & Cline, filed his First Amended Original Petition in said suit; that thereafter, and on July 17, 1939, relator, by its attorneys, filed its Second Amended Original Answer to respondent's, Fred Cunningham's, said petition, among other things, denying generally, all and singular the allegations in said petition; that thereafter and on July 21, 1939, said cause proceeded to trial in said court, pursuant to evidence from both sides, upon the court's charge and special issues, which, with the answers thereto, were as follows:

" 'No. 1. Do you find from a preponderance of the evidence that Caney Creek in June, 1935, had a channel, consisting of a well defined bed with visible banks, down which water flowed recurrently?' 'Yes'.

" 'No. 2. Do you find from a preponderance of the evidence that the box or culvert under the defendant's track below the premises of the plaintiff was sufficient to take care of the waters which might reasonably be expected to flow down Caney Creek?' 'No'.

" 'No. 3. Do you find from a preponderance of the evidence that the construction and maintenance of said embankment across Caney Creek at said box culvert impounded the waters upon the premises of plaintiff causing it to rise in the houses thereon?' 'Yes'.

" 'No. 4. Do you find from a preponderance of the evidence that such water, if any, impounded by such right of way embankment, if any damaged the plaintiff's houses?' 'Yes'.

" 'No. 5. What sum of money would compensate the plaintiff for the damage done to his houses, if any, by the waters impounded thereon, if any, in the overflow of June, 1935?' '$245.00'.

" 'Defendant's Special Issue No. 1. Do you find from a preponderance of the evidence that the Southern Pacific embankment was a proximate cause of the flood waters covering plaintiff's floors?' 'Yes'.

" 'Defendant's Special Issue No. 2. Do you find from a preponderance of the evidence that the Southern Pacific embankment west of plaintiff's property was the sole proximate cause of plaintiff's damage, if any?' 'No'.

" 'Defendant's Special Issue No. 3. Do you find from a preponderance of the evidence that plaintiff's property would have been damaged, irrespective of the existence of defendant's roadbed and culvert?' 'Yes'.

" 'Defendant's Special Issue No. 4. Do you find from a preponderance of the evidence that, had there been no roadbed or culvert of the defendant below the premises of plaintiff during the flood of June, 1935, the flood waters would have inundated the floors of plaintiff's house?' 'Yes'.

" 'Defendant's Special Issue No. 5. Do you find from a preponderance of the evidence that the box or culvert under the defendant's track below the premises of plaintiff was sufficient to take care of the natural flow of waters down Caney Creek?' 'No'.

" 'Defendant's Special Issue No. 6. Do you find from a preponderance of the evidence that the flood of June, 1935, was unprecedented or extraordinary?' 'Yes'.

" 'Defendant's Special Issue No. 7. Do you find from a preponderance of the evidence that plaintiff's damages, if any, were proximately caused by an unprecedented or extraordinary flood?' 'No.'

" 'Defendant's Special Issue No. 12. Do you find from a preponderance of the evidence that, irrespective of the size of the culvert underneath defendant's roadbed, plaintiff's floors would have been flooded?' 'No'."

After careful consideration of relator's petition, as well as the argument of its counsel upon an oral hearing heretofore had, no answers having been presented by either of the respondents, this court is clearly of opinion that, upon the facts so appearing, the writ should be awarded, upon these, among other, considerations:

■ (1) Amended R.S.Article 1824, Vernon's Ann.Civ.St. art. 1824, does now specifically empower this court to issue the writ of mandamus to compel a judge of a county court to proceed to trial and judgment in a cause, as it does with respect to a district judge, and our appellate courts have uniformly held that—in a proper cause—it does have that power. Stewart

v. Bush, Tex.Civ.App., 53 S.W.2d 842; Dixie Service Co. v. Leaverton, Tex.Civ. App., 76 S.W.2d 530; W. T. Rawleigh v. Sims, Tex.Civ.App., 108 S.W.2d 332; Gulf, C. & S. F. Ry. Co. v. Canty, 115 Tex. 537, 285 S.W. 296; Wichita Valley R. Co. v. Marshall, Tex.Civ.App., 37 S.W.2d 756.

▬▬ (2) Under the undisputed showing upon the facts presented in this instance, it is concluded that no judicial or discretionary power existed in the county judge at the time to set aside his original judgment and grant the motion for a new trial; but, on the contrary, that, in the circumstances, he was limited to the mere ministerial act of overruling the motion for a new trial.

(3) The learned trial Judge, having assigned as his reasons for the granting of such new trial that the court "is of the opinion that said Special Requested Issues submitted by the defendant were not based upon any pleading filed in said cause by the defendant, and is further of the opinion that the answers of the jury to said Special Issues, submitted at the request of the defendant, created an irreconcilable conflict in the answers of the jury to all the Special Issues submitted to it" was mistaken in both particulars; this for the reasons that: (a) "the special requested issues submitted by the defendant" referred to all sought to merely elicit whether the damages claimed by the plaintiff in that case to have resulted from the diverting of flood-water from its natural course were attributable to causes independent of any acts of the defendant therein, and such defendant—the relator here—had pled the "general denial" in response thereto; it is well settled that the general denial so interposed authorized the defendant to show, if it could, that such consequences flowed from acts entirely independent of its own: Wichita Valley R. Co. v. Marshall, Tex. Civ.App., 37 S.W.2d 756; San Antonio & A. P. Ry. Co. v. Gurley, 37 Tex.Civ.App. 283, 83 S.W 842; (b) there is no irreconcilable conflict in the jury's answers to the special issues submitted, for the reason that, when considered as a whole, the findings clearly entitled the relator to the judgment so originally entered in its behalf thereon; wherefore, no other judgment could have been properly entered.

▬▬ It was in such verdict, in substance, found as follows: (1) That the Southern Pacific's embankment was a proximate cause of the flood-waters having covered Cunningham's floors, thereby establishing that the Santa Fe's embankment was not the sole cause of such damages; (2) that, while the Santa Fe culvert below his premises was inadequate, impounding the waters in consequence and damaging his houses, yet, as just stated, the Southern Pacific's embankment was also a cause of the flood-waters having covered his floors; (3) that had there been no roadbed or culvert of the Santa Fe below the Cunningham premises at the time, still the flood-waters would have inundated the floors of his house, thereby establishing the further fact that, notwithstanding the Santa Fe's roadbed was insufficient to care for the flood-waters, which insufficiency constituted a cause of the damage, the floors would have been inundated anyway, even though such roadbed and culvert had never been built; (4) such flood was also found to have been unprecedented or extraordinary, that is, "an act of God", hence it would seem to follow that the construction of the relator's roadbed and culvert was not a negligent one upon its part.

▬▬ In view of these recited findings, other added ones to the effect that respondent's damages had not been proximately caused by an unprecedented or extraordinary flood, and that his floors would not have been flooded irrespective of the size of the culvert underneath relator's roadbed, became immaterial and should have been discarded, because—under the indisputable effect of the foregoing ones—the Railway Company was entitled, as a matter of right, to an acquittance of responsibility. Gulf, C. & S. F. Ry. Co. v. Canty, 115 Tex. 537, 285 S.W. 296; Dallas R. & T. Co. v. Watkins, Tex.Civ.App., 89 S.W. 2d 420.

These prior unequivocal findings to the effect that the relator's acts had not caused the whole of respondent's damages, as he had declared, entitled it to a judgment by analogy—at least—to such cases as San Antonio & A. F. Ry. Co. v. Gurley, 37 Tex. Civ.App. 283, 83 S.W. 842, and Higgins v. Spear, 118 Tex. 310, 15 S.W.2d 1010.

▬▬ (4) The Southern Pacific was not a party to this suit, and, in such circumstances, it has long been held by our courts that a sole defendant may not be held responsible for flood-damage, where the acts of such third persons—not parties to the suit—had intervened and the damages suffered were shown not to be wholly at-

tributable to the negligent acts of the one defendant sued. Compare Sun Oil Co. v. Robicheaux, Tex.Com.App., 23 S.W.2d 713.

Without further discussion, it is ordered that the writ of mandamus issue, substantially as prayed for.

Writ of mandamus awarded.