**FORT WORTH & D. C. RY. CO. v. WELCH, District Judge, et al.**

No. 5384.

Court of Civil Appeals of Texas. Amarillo.

Oct. 6, 1941.

Rehearing Denied Oct. 27, 1941.

Thompson & Barwise, of Fort Worth, and Storey, Storey & Donaghey, of Vernon, for relator.

M. C. Culbertson, Hollars & Oswalt, and Warlick & Bunnenberg, all of Vernon, for respondents.

FOLLEY, Justice.

This is an original application for mandamus filed by the relator, Fort Worth and Denver City Railway Company, against the Honorable C. Y. Welch, District Judge of the Forty-Sixth Judicial District of Texas, and the Hill Crest Country Club of Vernon, Wilbarger County, respondents, seeking to compel such district judge to set aside an order of mistrial and render judgment for relator in Cause No. 7419 in the District Court of Wilbarger County, styled Hill Crest Country Club v. Fort Worth and Denver City Railway Company.

Cause No. 7419 was filed by the Hill Crest Country Club seeking to recover damages from the railway company by reason of the overflow of the country club's golf course, club grounds and improvements located in the vicinity of the railway company's roadbed near the Pease River. It was alleged that the railway company constructed its roadbed near said land of the country club and over the Pease River and that damages had been sustained by the golf course and grounds because of the railway company's failure to construct and maintain its roadbed with the necessary culverts and sluices as the natural lay of the land required in accordance with article 6328, Vernon's Annotated Civil Statutes, and because of the failure of the railway company to restore Pease River to its former state or to such a state as to not unnecessarily impair its usefulness, contrary to article 6320, Vernon's Annotated Civil Statutes. Damages were sought in the sum of $6,000.

The railway company answered by general demurrer, general denial and a plea of limitation.

The cause was tried before a jury. Its verdict was returned April 9, 1941, which was accepted by the court and ordered filed. In addition to the issues outlined below, the jury, in response to special issues not here material, fixed the damages at $1,000. Both parties filed motions for judgment on the verdict each of which was overruled by an order wherein it was stated that such motions were overruled solely because of an irreconcilable conflict in the findings of the jury. In such order the court set aside the findings of the jury and declared a mistrial.

The court predicated his action in this respect upon a purported conflict between the findings of the jury in answer to special issues Nos. 2 and 4 of the court's main charge on the one hand, and the findings in response to the railway company's specially requested issue No. 2 on the other hand. Special issues Nos. 1, 2, 3 and 4 of the court's main charge, and the relator's specially requested issue No. 2, with the respective answers of the jury thereto, were as follows:

"'Special Issue No. 1: Do you find from a preponderance of the evidence that the defendant railway company, prior to the overflow of June, 1939, constructed and maintained its roadbed without the necessary culverts or sluices as the natural lay of the land required for the necessary drainage thereof?' 'Yes.'

"'Special Issue No. 2: If you have found from a preponderance of the evidence that the defendant railway company, prior to the overflow of June, 1939, constructed and maintained its roadbed without the necessary culverts or sluices as the natural lay of the land required for the necessary drainage thereof, then find from a preponderance of the evidence if such was a proximate cause of the damage, if any, to plaintiff's property?' 'No.'

"'Special Issue No. 3: Do you find from a preponderance of the evidence that the defendant railway company, prior to the overflow of June, 1939, constructed and maintained its roadbed along or upon Pease River without restoring such stream or watercourse to its former state or to such state as not to unnecessarily impair its usefulness?' 'Yes'.

"'Special Issue No. 4: If you have found from a preponderance of the evidence that the defendant railway company, prior to

the overflow of June, 1939, constructed and maintained its roadbed along or upon Pease River without· restoring such stream or watercourse to its former state or to such state as not to unnecessarily impair its usefulness, then find from a preponderance of the evidence if such was a proximate cause of the damage, if any, to plaintiff's property?' 'No.' "

" 'Defendant's Requested Issue No. 2. Do you find from a preponderance of the evidence that plaintiff's property would have sustained substantially the same damage as a result of the flood in question irrespective of the condition, number or adequacy of the culverts, and sluiceways under the defendant's tracks?' 'No.' "

The court in his charge defined "proximate cause" as follows:

" 'Proximate cause', as that term is used in this charge, is that cause which in its natural and continuous sequence unbroken by any new and independent cause produces the injury, and without which the injury would not have occurred, and from which it ought to have been foreseen or reasonably anticipated by a person of ordinary prudence in the exercise of ordinary care that the injury complained of or some similar one would result naturally and probably in the light of the attending circumstances.

"The phrase 'new and independent cause', as that term is used in this charge, means the act or omission of a separate and independent agency which destroys the causal connection between the negligent act or omission of the defendant and the injury complained of and thereby becomes in itself the immediate cause of such injury."

The respondents contend that the finding made in connection with the relator's specially requested issue No. 2 was a finding on proximate cause and as such is in conflict with the finding on special issues 2 and 4 of the main charge, wherein the jury acquitted the relator of liability on the respective issues of proximate cause after convicting the relator of wrongful conduct amounting to negligence per se in special issues 1 and 3. We are not in accord with the respondents' contention in this respect.

As particularly pertinent to this case, we quote from Howard v. Howard, Tex.Civ.App., 102 S.W.2d 473, 475, writ refused, some general principles governing such situations as here presented: "The rule is well settled that where the findings of the jury are in irreconcilable conflict, they nullify each other and no judgment can be entered thereon. 41 Tex.Jur. p. 1226, § 361, and numerous cases cited in support thereof. The test in such case is, whether taking the finding alone in the one instance, a judgment should be entered in favor of the plaintiff; and taking it alone in the other, judgment should be entered in favor of the defendant. But it is also a settled rule that where such apparent conflict can be reasonably reconciled; or where one finding is general and the other specific; or even where one finding is duplicitous, or ambiguous, and the other is definite and specific, a judgment may properly be entered thereon. And as stated in Bragg v. Hughes (Tex.Civ.App.) 53 S.W.2d 151, 153: 'It is duty of the courts to construe verdicts as not irreconcilably conflicting when there is any reasonable explanation of seeming conflicts.' See, also, Texas Indemnity Ins. Co. v. Bridges, (Tex.Civ.App.) 52 S.W.2d 1075, 1079 (writ refused). In the latter case it is stated: 'All the issues must be considered together as a whole. If, when construed as a whole, they admit of more than one reasonable construction, the trial court has power to apply that reasonable construction which he deems proper.' See, also, Texas & P. Ry. Co. v. Gillette (Tex.Civ.App.) 100 S.W.2d 170, 175."

Applying some of these principles to the case at bar, it will be noted that the findings made in special issues 2 and 4 are specific findings in which the attention of the jury was particularly directed to the question of "proximate cause" as such term had been defined in the court's main charge. Such is not the case with the specially requested issue and the jury's response thereto. The term "proximate cause" is not used in the interrogatory and if the findings thereon could be construed as a partial or inferential finding on proximate cause, as contended by the respondents, the same is only a general finding which, under the reasonable construction rule above outlined, must yield to the more specific findings in the other issues. Aranda et al. v. Texas & N. O. R. Co., Tex.Civ.App., 140 S.W.2d 236.

In the light of the testimony of this case and in view of the various elements of the term "proximate cause" we are of the opinion that the finding on the requested issue lacks some of the essential

elements of proximate cause. There was testimony that the embankment of the State highway near the railway dump held back some part of the overflow water and caused it to remain on the country club property longer than it otherwise would. There was other testimony that some part of the water which inundated the country club property broke out of Pease River up stream above the railroad and crossed over the country club property before reaching the railway dump. These facts are indeed important on the theory of an independent agency destroying the causal connection between the original negligent conduct of the relator and the injury sustained. In response to the requested issue No. 2 the jury merely found that the country club's property would not have sustained the same damage irrespective of the condition, number or adequacy of the railway company's culverts and sluiceways. If this was any finding of fact at all it was merely to the effect that the railway company was one of the actors or agencies connected with the flood, but it fails to identify that connection, whether direct and proximate or merely remote. This falls far short of establishing liability. It is deficient in that it fails to embrace other important elements of proximate cause such as the injury being the natural and probable consequence of the relator's conduct or that the chain of causation was unbroken by any new and independent cause or that the relator should reasonably have foreseen or anticipated the injury. All of these elements, which were omitted from the general issue requested by the relator but necessarily included in the specific special issues 2 and 4, are essential to the establishment of the relator's liability. The fact that the relator's conduct might have been a remote cause of the injury is not sufficient. Texas & P. Ry. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162. Such being true under no construction of the verdict should judgment be rendered for the Hill Crest Country Club. Therefore, we think there was no conflict in the findings of the jury and, in view of the acquittal of the railway company on the specific issues of proximate cause, conclude that the relator is entitled to the relief sought. Shell Oil Co. v. Dennison, Judge, et al., Tex. Civ.App., 132 S.W.2d 609; Gulf, C. & S. F. Ry. Co. v. Seydler, Tex.Civ.App., 132 S.W.2d 453; Gulf, C. & S. F. Ry. Co. v. Canty, District Judge, et al., 115 Tex. 537, 285 S.W. 296; Perez v. Houston & T. C.

R. Co., Tex.Civ.App., 5 S.W.2d 782; Fort Worth & D. C. Ry. Co. v. Amason et al., Tex.Com.App., 276 S.W. 162.

It is accordingly ordered that the writ of mandamus be granted as prayed for, and that respondent, Honorable C. Y. Welch, District Judge of the Forty-Sixth Judicial District of Texas, be directed to vacate the order of mistrial entered in cause No. 7419 in the District Court of Wilbarger County styled Hill Crest Country Club v. Fort Worth and Denver City Railway Company, and that said respondent render judgment in said cause in favor of the relator that relator go hence without day and with its costs.