**CROW et al. v. LEVINE et al.**

**No. 14418.**

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 18, 1942.

Rehearing Denied Oct. 23, 1942.

Smoot & Smoot, of Wichita Falls, for appellants.

King, Dawson & Jones, of Wichita Falls, for appellees.

SPEER, Justice.

E. D. Crow and his wife, Janey Crow, sued William Levine and Morris Levine, a partnership, doing business as Levine's Department Store, for injuries alleged to have been sustained by Mrs. Crow when she fell on the floor of the store building.

The petition charged defendants with negligence, proximately causing her injuries, by the use of oil or other slick and slippery substance on the floor, and further because the building was insufficiently lighted.

Defendant answered by general denial and special pleas of contributory negligence, charging that Mrs. Crow did not observe where she was walking and in failing to look and determine the nature of the floor upon which she was attempting to walk.

Trial was to a jury on special issues. Some of the issues were answered while others were not. When the verdict was returned, defendant moved for judgment and plaintiff moved that a mistrial be declared. The former was overruled and the latter sustained by order entered June 6, 1941.

Application for writ of mandamus to require the court to enter judgment for defendant, on the verdict, was filed in this court by defendants, on June 20, 1941, and was thereafter granted. Levine v. Robertson, District Judge, Tex.Civ.App., 154 S. W.2d 911. In obedience to the order of this court, the trial court set aside its former order of mistrial and entered judgment for the defendants. Plaintiffs timely filed their motion for new trial and it was overruled on December 22, 1941. The record gives the last mentioned date as "1942" but we treat it as a typographical error. Plaintiffs have appealed.

There are six points presented and relied upon for reversal. The first is: Er-

ror of the trial court in refusing to grant plaintiffs a new trial because of the misconduct of defendants' counsel in proposing, in the presence of the jury, that they be taken to the scene of the accident and allowed to view the floor and determine its condition. Second, error of the trial court in refusing to instruct the jury that defendants' counsel acted improperly in making the proposition for the jury to view the place of the accident, and because of the rebuke administered to plaintiffs' counsel for requesting the instruction. Third and fourth points are to the effect that the Court of Civil Appeals was without jurisdiction to grant the writ of mandamus and therefore the order of the trial court thereunder was void because it was made after the expiration of the term of court at which the order of mistrial was entered. There are other points raised but we think the opinion on application for the writ (154 S.W.2d 911) disposes of them and we will not set them out here. That opinion also discloses the nature of the special issues, those answered and those not answered. It also quotes the order declaring the mistrial, and no good reason appears why these things should be repeated.

We have concluded that reversible error is shown by the first point raised. During the time of taking testimony, after practically all the evidence was in, counsel for defendants said:

"Your Honor, at this time, in the presence of the Court, we want to offer to take the jury to this place—properly surrounded—and let them look at this floor. We have proved the condition of that floor is now in the same condition it was then at the time of the accident which the plaintiff alleged occurred there. We want to offer to let the jury go down and look at that place, if counsel will agree to it." Counsel for plaintiffs then said: "Your Honor, you know and counsel knows that is absolutely forbidden by law." Mr. King (counsel for defendants): "Not if the opposing counsel agrees to it." Mr. Smoot (for plaintiffs): "The higher courts have reversed case after case on that question; I think the court ought to stand counsel up, and tell him—." Court: "Mr. Smoot, this Court will operate its own court. I sustain the objection. We will proceed with the trial." Mr. King (defendants' counsel): "Since counsel said it is in violation of the rules of law, I say that it is not, if he agrees to it, and I would like

the jury instructed to that effect." Court: "Gentlemen of the jury, we will not go down there." Counsel for plaintiffs, outside the hearing of the jury, made a formal objection and exception to the proposition made by defendants' counsel, based upon the grounds that it was contrary to law, and because it was taking an unfair advantage of plaintiffs. The court repeated to counsel that he had sustained his objection. Whereupon, plaintiffs' counsel excepted to the action of the court in not rebuking defendants' counsel and in not instructing the jury he had no right to make such offer. The Court addressed the jury and, in substance, said: that he had previously instructed them that matters addressed to court by counsel were not evidence, and that they would not consider remarks of counsel or requests made by them to the court, for any purpose whatever. Plaintiffs again excepted.

The point was raised by plaintiffs in their motion for new trial after the court had entered judgment for defendants in response to the writ of mandamus, the judgment from which this appeal was perfected.

■■ Since the case of Woodrum Truck Lines v. Bailey, Tex.Com.App. 57 S.W.2d 92, the point here involved seems to be well settled. In that case a very similar situation was involved, to that now before us. Clearly plaintiffs had a right to object to the proposition made by defendants. Under the cited case and the authorities there collated, it would have been improper for the jury to view the scene and form opinions and conclusions based thereon. The vice in such a proceeding lies in the fact that by making such a proposition the opposing party is put in the attitude of having to unwillingly acquiesce therein or of objecting in the presence of the jury, which may be considered by them as an effort to conceal from them material facts. It is quite perceivable that a jury of laymen would reasonably conclude that when plaintiffs objected to them viewing the premises, a prejudicial effect upon plaintiffs' rights would necessarily be the result. In view of the fact the jury could not agree upon the issues of defendants' alleged negligence, we cannot say this did not so influence the jury.

In Walton v. Siems, Tex.Civ.App., 71 S.W.2d 586, the rule announced in the Bailey case, supra, was followed. In that case much of the language used in the

instant case appeared, especially that part which apparently based the proposition to view the premises upon consent of the opposing party. To our minds the danger of harm to such opposing party is emphasized when the responsibility of permitting the jury to view the premises is based upon his consent.

In American Nat. Ins. Co. v. Hammond, Tex.Civ.App., 91 S.W.2d 432, writ dismissed, involving a different situation from that before us, it was held that a proposition by one party for the jury to view the scene of the accident did not present reversible error. Under the facts there disclosed we, too, think no error was shown. In that case, when the proposition was made opposing counsel said he had no objection, but, without finishing his sentence, the court said: "I don't think we better have that." When this was said by the court another one of appellants' counsel approached the court and whispered that he objected to the proposition made, to have the jury view the premises, and the court then instructed the jury not to consider the proposition. It was there held that the conditions shown to exist in the Bailey and Siems cases, supra, did not exist.

Defendants cite and rely upon language used by this court in City of Denton v. Chastian, Tex.Civ.App., 156 S.W.2d 554. Reading of that opinion will disclose that an entirely different situation was there involved from that now before us. No objection was made to the proposition made by counsel that the jury view the premises, nor was the court called upon by either party to act thereon; nothing was done about it. Later in the proceedings opposing counsel moved the court to instruct the jury not to consider the proposition for any purpose; the instruction was given. No motion for new trial was based upon any error resulting from making the proposition as was done in this case. It will be noted that we held in that case if the acts of counsel in making the proposition had been properly preserved and presented reversible error would have been shown. We did say in that opinion that no motion was made for a mistrial at the time the acts complained of took place. We have seen no case holding that such a motion must be made at the time, before a party can avail himself of it when properly presented for review. From one angle

it would appear that such would be the better practice, while upon the other hand, it is not safe to lay it down as a rule to follow in all cases, for the reason a designing lawyer could force a mistrial in a case when plaintiff was entitled to have his rights adjudicated in an orderly manner. This last suggestion is presented because of a holding by this court in Finck Cigar Co. v. Campbell, Tex.Civ.App., 114 S.W.2d 348, 353. That was a tort case and defendant corporation's agent voluntarily injected the matter of existing insurance into the case while testifying. We are not to be understood as remotely intimating that any improper motive prompted counsel in this case to make the proposition complained of. The record indicates otherwise. We express no opinion as to whether it was necessary for plaintiffs to move for a new trial when the matters complained of arose.

■ Based upon what took place as disclosed by the quotations from the record, above set out, we think no error is shown by the second point. The court did instruct the jury not to consider what counsel said in addressing the court, nor the requests made by counsel to the court. This instruction would cover the request made by defendants for the court to send the jury down to view the premises, as well also the request of plaintiffs' counsel for the court to reprimand opposing counsel.

■ We overrule the proposition that the order of the trial court in setting aside its former order of mistrial and entering judgment for defendants under the writ of mandamus, was void, based upon the grounds that the Court of Civil Appeals was without jurisdiction to make the order. The application for mandamus was filed in this court on June 20, 1941, and was still pending when the term of the trial court expired, on July 5, 1941, as disclosed by plaintiffs' brief. It is true the writ was not issued by this court until after the expiration of the trial court term, yet this court having acquired jurisdiction of the subject matter, the expiration of the trial court term would not destroy our jurisdiction previously acquired.

For the reasons shown in our discussion of the first point raised, the judgment of the trial court must be reversed and the cause remanded for another trial. It is accordingly so ordered.