## AIRLINE MOTOR COACHES, Inc., v. CAMPBELL.

### No. 4265.

Court of Civil Appeals of Texas.

Nov. 9, 1944.

Rehearing Denied Nov. 29, 1944.

Campbell was proceeding in a northerly direction away from Houston. The collision occurred in the late afternoon, at the north entrance to a slough bridge a short distance south of the main bridge across the Trinity River. Campbell brought suit in the district court of Polk County, Texas, against the bus company, alleging that the bus driver operated the bus with a portion thereof on his left-hand side of the center of the highway; that such bus driver failed to keep proper lookout; that the bus driver failed to have the bus under proper control; that the bus driver was operating the bus at a negligent rate of speed; that each of such acts was negligence, and all of same were proximate causes of the collision. Among other defenses, the bus company defended upon the ground that one or all of the occupants of the car in which the Campbells were travelling were intoxicated, that while its bus proceeded on its side of the highway in a careful, prudent manner, the collision was caused when Campbell suddenly changed the course of the car he was driving and drove it across on the wrong side of the highway and into the bus. Upon a jury's verdict, the findings in which supported the contentions of Campbell, judgment was rendered against the bus company for $12,000 and the bus company has perfected its appeal to this court.

A large amount of evidence was introduced, a great deal of which was in sharp conflict in regard to the position of the two vehicles immediately before and at the time of the collision. The passengers on the bus who testified exonerated the bus driver from any fault or act of negligence. The bus driver himself testified that he was driving slowly and carefully on his side of the road when the car coming in the opposite direction veered into the path of his bus on the bus driver's right-hand side of the highway. Said highway No. 59, at the point of the collision, is near the tracks and right-of-way of the railroad and runs parallel to it. Across the railway from the highway is the home of Mrs. Musgrove, who testified in the case regarding what she saw of the collision from her sleeping porch. Some members of a railroad bridge construction gang were at work near on the railroad track near the slough bridge where the collision occurred, and some of the bridge crew testified. These witnesses, Mrs. Musgrove and the members of the railroad crew, exonerate Campbell of any faulty driving and say in their testimony

Strasburger, Price, Holland, Kelton & Miller, of Dallas, and M. M. Feagin and E. A. Coker, both of Livingston, for appellant.

Campbell & Foreman, of Livingston, and Roy M. Jones and S. F. Hill, both of Houston, for appellee.

MURRAY, Justice.

J. F. Campbell and wife were injured in a collision between the automobile in which they were riding, driven by Campbell, and a bus of the Airline Motor Coaches, Inc., which occurred on June 23, 1943, on highway 59, south of the Trinity River bridge in Polk County, Texas. The automobile in which they were riding belonged to friends, Mr. and Mrs. Bennett, who were also riding in the automobile at the time. Mr. Bennett was killed and Mrs. Bennett was also injured. The bus was headed south towards Houston and the car driven by

that the bus struck a portion of the bridge or railing near the entrance to the slough bridge and then glanced across the black center line of the highway where it met the small car and struck it in collision. While the testimony. was conflicting on many points, the. appellant in its appeal does not complain of the lack of evidence to support any of the findings of the jury upon which the judgment was based. We have examined the statement of facts in detail and find that the jury's verdict is supported in the testimony.

In all its points, the appellant complains of various acts of the different attorneys for the appellee on the trial of the case. It complains of such different acts separately in its points Nos. 1 to 9 and in its 10th point complains of "the repeated persistent efforts by attorneys for plaintiff (appellee here) to prejudice the jury against one of the attorneys for defendant (appellant here) by accusing him of deliberately misleading the jury and intentionally and deliberately misquoting the testimony."

■ Appellant's first point presents the following situation:

Mrs. Musgrove, a witness for Campbell, testified that she was looking through the glass windows of her upstairs sleeping porch towards the scene of the collision at the time of the collision and that she saw Campbell's car first, that it was on its side of the road and stayed on its side. of the road up to the time it was struck by the bus, that the bus cut across from its side of the road to its left-hand side where the Campbell car was.

C. D. Thomas, the president and general manager of the bus company, testified that "there was a good piece on the highway from which you could not see the windows of the Musgrove home." On examination by one of the attorneys for appellee, he stated that he had gone up in the Musgrove house and had looked out of the windows. Then counsel asked him the following question: "Would you be willing to agree for this jury to go down and go up there and look out that window?" The appellant's attorney made objection in the following words: "To which we object as being immaterial and irrelevant and highly prejudicial, and we ask that a mistrial be granted." The court thereupon remarked: "I sustain the objection. All right, gentlemen, you won't consider that for any purpose." The appellant took exception. Appellant

now urges that the asking of the president of the bus company being sued whether he would be willing for the jury to go and examine the windows at the scene of the collision was improper and prejudicial and presents reversible error. The appellee replies that if the asking of such question was improper any harm which might have resulted therefrom was cured by the court's action in sustaining the objection before the witness was required to answer and in instructing the jury at the time not to consider the question for any purpose. Appellee further says that since he made no motion to the court to permit the jury to go and view the scene, counsel for appellant was not put in position of having to decline to agree to the same.

The asking of such question of the president of the bus line being sued had the same .effect as a proposition to opposing counsel would have had in a trial in which the issues of fact were so sharply contested. Such conduct is condemned in Woodrum Truck Lines v. Bailey, Tex.Com.App., 57 S.W.2d 92, 94, and in Crow v. Levine, Tex. Civ.App., 165 S.W.2d 117. We sustain the appellant's first point, and in doing so point out that this particular act complained of is one of several actions of counsel complained of by appellant. It is in our opinion the most serious error pointed out, and when coupled with the various other acts of counsel complained of it is of such serious nature as to require a reversal of the case.

In its second point, the appellant complains that appellee's attorney in a number of instances on the trial attempted to contrast the relative position of parties as to wealth and poverty. Bills of exceptions Nos. 4 and 6 point out questions and remarks by counsel which should not have been permitted by the trial court, but which alone were not serious enough in their nature to require a reversal.

■ In its 3rd and 4th points, the appellant complains of a portion of the argument of one of the attorneys for appellee, who stated in his argument regarding the witness Lowery, that "I don't know, Gentlemen of the Jury, whether somebody greased his palm or not, but I will say when he was in this court house, and after they didn't put him on, I will say something happened when he testifies like he did." He further stated in his argument in regard to witness Lowery: "I would have been ashamed this time to put him on. . I hon-

estly believe—I don't know the man only I have met him—but I honestly believe he knows just about as much about how that wreck occurred as you twelve Gentlemen." Such statement, "I don't know whether somebody greased his palm or not," followed by the statement, "but I will say that something happened when he testifies like he did," goes beyond the bounds of legitimate argument when there is no impeachment of the witness in evidence and no testimony in the record upon which to base the suggestion that the witness had been bribed. We sustain the appellant's contention in this regard and believe that such comment in the argument presents reversible error, and our conclusion in this regard is strengthened by the fact that the testimony was sharply conflicting upon the fact issues of negligence.

In its 5th point, the appellant complains of a portion of the argument of appellee's attorney in which he stated that the upper courts reversed cases for various reasons with which he apparently did not agree, and stated to the jury that under the instructions of the court he had felt compelled to pass them by in his car rather than pick them up. We see nothing seriously objectionable in this point, in view of instructions which the trial court had apparently given to the attorneys and jurors about associating with each other during the trial of the case.

In its 6th point, appellant complains of portions of the argument of counsel for appellee in which appellant contends that counsel appealed to the prejudice of a local jury by pointing out that the bus company had gone to Dallas to employ Mr. Strasburger as one of its attorneys in the case. We find no merit in this contention.

In its 7th point, complaint is made of the argument of one of appellee's attorneys in stating to the jury that "no dollars and cents would induce us to undergo the sufferings and injuries these people have sustained," etc. This type of argument has been held harmless in the case of Karotkin Furniture Co. v. Decker, Tex. Com.App., 50 S.W.2d 795, and we overrule the contention of appellant in this regard.

By its 9th point, appellant complains of the statement in the presence of the jury by one of counsel for appellee that the witness Holsomback had testified differently in a previous trial. When objection was made, the court sustained the objection and instructed the jury not to consider such statement for any purpose. While this statement amounted to unsworn testimony on the part of counsel, we believe that the instruction of the court probably cured any harm which might have resulted, but, in view of the disposition we make of this case, it is believed that such statements by counsel will not be made upon another trial.

In its 10th point, the appellant contends that throughout the trial repeated persistent efforts were made by attorneys for appellee to prejudice the jury against one of the attorneys for the appellant by accusing him of deliberately misquoting the testimony. A great many instances are cited in the brief for appellant in which controversies are shown to have been plentiful between counsel throughout the trial. Counsel for appellee seems to have made a great many side bar remarks which were not addressed to the court, and occasionally, the record reflects, counsel for the appellant indulged in the same type of repartee. Such conduct upon the trial of a hotly contested fact case can be controlled only by the trial judge, and only in instances in which his discretion is abused should the appellate court find grounds for reversal. In view of the disposition made of this case, we believe it unnecessary to make further comment upon this point.

It is regrettable that in a case of this character, in which no objection to the charge of the court was brought forward and evidence amply supports the jury's verdict of negligence and proximate cause, a reversal must be had because of the first two points considered in this opinion. For the reasons stated, however, in disposing of appellant's points 1 and 2, reversible error is clearly indicated.

The cause will be reversed and remanded for a new trial.

Reversed and remanded.